Ann E. Smith, Appellant, *v.* Mark T. Ferris, Impleaded, etc., Respondent.

Defendant F., being the owner of a bond, conditioned for the payment of $4,000 in $100 annual payments, secured by mortgage, assigned them to plaintiff, indorsing on the mortgage a guaranty of payment according to its terms until the same should be reduced to $3,000. The mortgage provided that the mortgagor should keep the buildings on the premises insured for the benefit of the mortgagee to the amount of $1,000. Such an insurance was obtained. Subsequent to the assignment the buildings were burned; $1,434 was paid on the insurance and received by plaintiff. In an action to foreclose the mortgage a judgment for any deficiency was asked against F. upon his guaranty, to the extent of his liability thereon. *Held,* that the guaranty contemplated a reduction of the mort-. gage by payments thereon made in the usual course according to its terms; that insurance money received was not such a payment, it being simply a substitution *pro tanto* for the mortgaged property and a reduction of the mortgage by application thereon of the substituted fund; and, therefore, that plaintiff was entitled to the relief sought.

*Smith* v. *Ferris* (70 Hun, 445), reversed.

(Argued November 2, 1894; decided November 27, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 8, 1893, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial.

This action was brought for the foreclosure of a mortgage executed by the defendant Michael J. Varley to one Frank T. Ferris, and assigned by him to the defendant Mark T. Ferris, who assigned to plaintiff with a guaranty set forth in the opinion, wherein the facts, so far as material, are stated.

*I. W. Wiswall* and *J. L. Henning* for appellant. The assignment of the bond and mortgage carried with it to the plaintiff all the rights which Ferris had to receive the insurance money, provided for by the terms of the bond and mortgage themselves, and the guaranty made by Ferris as a consideration for the transfer was entirely unnecessary to give

the plaintiff any benefit from that source. (*Mead* v. *Parker*, 41 Hun, 577; *Gates* v. *McKee*, 13 N. Y. 232; *Cris* v. *Burlingame*, 62 Barb. 357; *Springsted* v. *Sampson*, 32 N. Y. 703; *Evansville* v. *Kaufman*, 93 id. 273–280; *M. Co.* v. *Padrian*, 142 id. 210.) The guaranty of the payment of the mortgage, although it does not in words guarantee the payment of the bond, yet the intention of the parties was, that the debt represented by the mortgage should be guaranteed, and effect should be given to their intentions. (*Stillman* v. *Northrup*, 109 N. Y. 478–481.)

*D. E. Wing* and *L. B. Pike* for respondent. The construction of a contract should be most favorable to the guarantor, and it cannot be extended as to him beyond his express undertaking. (*Ward* v. *Stahl*, 81 N. Y. 406; *McCluskey* v. *Cromwell*, 11 id. 593, 598.)

ANDREWS, Ch. J. The defendant, Mark T. Ferris, who by assignment had become the owner of the bond and mortgage, sold and assigned the same to the plaintiff, executing at the same time a guaranty to the purchaser, indorsed on the mortgage, as follows: "I hereby guarantee the payment of the within mortgage according to its terms until the same is reduced to three thousand dollars." The bond and mortgage was conditioned for the payment of $4,000, in sums of $100 of principal annually, together with interest on the whole sum unpaid, with the privilege to the mortgagee to pay any additional sum on the principal, when any payment became due. The mortgage further provided that the mortgagor would keep the buildings on the premises insured for the benefit of the mortgagee, to the amount of $1,000. Subsequent to the assignment of the bond and mortgage to the plaintiff and the execution of the guaranty, the buildings on the premises were burned, and the sum of $1,434 was collected on the insurance and received by the plaintiff, which reduced the mortgage to $2,700. Default having been made in the payment of a subsequent installment on the mortgage, this.

action for foreclosure was commenced and the defendant was joined as defendant therein by reason of his guaranty, and judgment was demanded against him for any deficiency, to the extent of his liability thereon. The only question is whether the mortgage has been reduced to $3,000, within the meaning of the guaranty. It is of course conceded that there is now unpaid on the mortgage only the sum of $2,700. But it has been reduced to this sum by the application thereon of the insurance money. Except for this there would be unpaid $4,000 and upwards. Whether the sum received on the insurance is to be reckoned as a payment on the mortgage as between the plaintiff and the guarantor, and to be applied in exoneration of the guarantor's liability, depends on the true interpretation of the guaranty. The purpose of the parties to the arrangement is obvious. The plaintiff was willing to purchase the bond and mortgage and look to the property and the obligor's liability on the bond and the collateral security against fire, as his resource for the payment of the mortgage to the extent of three thousand dollars. But for the payment of the sum secured by the mortgage beyond that sum, he required, in addition to the other security, the personal guaranty of the defendant. The defendant undertook to this extent to become personally liable. The terms of the guaranty indicated that the parties had in view the reduction of the mortgage by payments made in the usual course. The guaranty was that the mortgage should be reduced by payments, "according to its terms." There are no terms of payment specified in the mortgage, except payments to be made by the mortgagor as provided. The payment made by the application of the insurance money was a payment out of the property itself. This insurance money was a substitute *pro tanto* for the property mortgaged. While the obtaining of an insurance was contemplated between the original parties to the mortgage, the payment on the insurance was not a payment on the mortgage "according to its terms." If the construction of the guaranty claimed by the defendant prevails, the plaintiff is deprived of the security intended thereby. It is

true that the mortgage has been reduced by the application of the insurance money, below $3,000. But only by the conversion of part of the property into money and the application of the converted fund on the mortgage debt. The property remaining, as may be assumed from this litigation, is now inadequate to pay the balance remaining unpaid. If the mortgage in question had been a second mortgage, and on the foreclosure of the first mortgage a surplus had arisen, applicable on the subsequent security, but insufficient to satisfy it, could it be claimed that if less than $3,000 remained unpaid by reason of such application the defendant was discharged? We think such a claim would be wholly unfounded. The case supposed is quite analogous to the present one. The plaintiff is entitled to no relief, not within the fair and reasonable construction of the guaranty. But we think the fair construction of the terms, in view of the purpose of the instrument and the situation of the parties when the warranty was executed, precludes the theory that the application of the insurance money was a payment which, as between these parties, reduced the mortgage below the stipulated amount. The defendant may, upon payment of the mortgage debt, be entitled to subrogation, or he may protect his interests so far as he can on the sale of the property, but he cannot, we think, upon any principle of law or equity, remit the plaintiff exclusively to the land, and the liability of the obligor in the bond for the payment of the balance of the mortgage.

The judgment of the Special Term is based upon a true interpretation of the guaranty, and the judgment there rendered correctly defines and limits the liability of the defendant.

The judgment of the General Term should be reversed, and that of the Special Term affirmed, with costs.

All concur.

Judgment accordingly.