## Stewart, Appellant, v. Stewart.

*Judgments—Opening judgments—Husband and wife—Wife as surety for her husband—Evidence—Judicial discretion.*

1. An application to open a confessed judgment is addressed to the equitable powers of the court, and on appeal the question is whether there has been a proper exercise of judicial discretion.

2. Where the averments in the petition to open the judgment are denied in the answer, there must be evidence to support the allegations of the petition as a basis for the exercise of judicial discretion, but if there be such evidence, no matter how conflicting, a finding of the chancellor based thereon should not be reversed.

3. The discretion of a chancellor is not abused and an order opening a judgment on the petition of a married woman for a rule to open a confessed judgment, alleging that she had signed the judgment note upon which the judgment was entered as surety for her husband, will not be reversed where there was evidence that the petitoner's husband had borrowed $5,000, for which he gave a promissory note payable one year after date, and 1,250 shares of stock as collateral security; and that on the same day the judgment note was also given, executed by the petitioner, her husband and a third person, in connection with and as part of the transaction whereby the loan was made.

Argued May 11, 1914. Appeal, No. 270, Jan. T., 1913, by plaintiff, from order of C. P., Fayette Co., March T., 1912, No. 418, opening judgment in case of William S. Stewart, surviving executor of John S. Stewart, deceased, v. Betty P. Stewart, alias Elizabeth P. Stewart, David Stewart and Samuel S. Stewart. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to open a judgment entered by confession on a judgment note. Before UMBEL, P. J.

From the record, it appeared that John S. Stewart, Samuel S. Stewart and Robert E. Stewart were brothers. David Stewart was a son of Samuel S. Stewart and Betty P. Stewart was his wife. On June 23, 1905, John S. Stewart made a loan of five thousand dollars. The same day David Stewart executed and delivered to John S. Stewart his promissory note for five thousand dollars payable to the said John S. Stewart at one year and which note contained a collateral clause pledging therewith twelve hundred and fifty shares of the capital stock of the New Philadelphia Graphite Company, which stock was of the par value of ten dollars per share and was assigned by David Stewart, its owner, and delivered with

said note. The same day another note in the sum of five thousand dollars was executed by Betty P. Stewart, David Stewart and Samuel S. Stewart payable to John S. Stewart which latter note contained a warrant of attorney for confession of judgment. Both of these notes were delivered to John S. Stewart in connection with and as part of the transaction whereby said loan was made. The capital stock of the graphite company was afterwards reduced one-half and then a new collateral note for a like amount was given by David Stewart, wherein was pledged six hundred and twenty-five shares of said stock in lieu of the shares so pledged with the original note. Samuel B. Stewart, who was a brother of David Stewart, assigned to John S. Stewart, as additional security for said loan, a judgment for five thousand dollars which he held in Westmoreland County, against said Samuel S. Stewart.

Other facts appear in the opinion of the Supreme Court.

The court made the rule absolute. Plaintiff appealed.

*Error assigned* was the order of the court.

*W. J. Sturgis,* of *Reppert, Sturgis & Morrow,* with him *Francis S. Bennett,* of *Bennett & Benn,* for appellant.

*A. C. Hagen,* with him *D. M. Hertzog,* for appellee.

OPINION BY MR. JUSTICE ELKIN, July 1, 1914:

The learned court below made absolute the rule to show cause why the judgment should not be opened and the defendant, Betty P. Stewart, let into a defense. From this order the present appeal was taken. The defense relied on is that Betty P. Stewart, a married woman, signed the note as surety for her husband, and that such an undertaking by a married woman not only contravenes public policy, but offends against a positive

statute. This of course is the law and counsel for appellant concede it to be so. It is argued, however, that the evidence taken in the court below on the rule to show cause was not sufficient, even if believed, to establish the fact that the wife signed the note as surety for her husband. In her petition to open the judgment appellee averred that the loan for which the note in suit was given as additional security, was made to her husband for whose benefit the proceeds were used. In his answer appellant denied that the loan was made to the husband and averred that it was made to appellee. Appellee introduced testimony in support of the averments contained in her petition, but no testimony was offered on the part of appellant. After argument the learned court below directed the judgment to be opened for the purpose of permitting appellee to make defense upon the merits of the case. Under all the facts and circumstances disclosed by the record we agree that the precise question for decision here is whether the court below abused its discretion in opening the judgment for the purpose stated. An application to open a judgment on a warrant of attorney is addressed to the equitable powers of the court and on appeal the question is whether there has been a proper exercise of judicial discretion: Jenkintown Nat. Bank v. Fulmer, 124 Pa. 337; Boyd v. Kirch, 234 Pa. 432; Sweitzer v. Crowley, 238 Pa. 282. Where the averments of the petition to open the judgment are denied in the answer, there must be evidence to support the allegations contained in the petition as a basis for the exercise of judicial discretion. It is sometimes difficult to determine when the evidence is sufficient for this purpose, and no hard and fast rule can be laid down to control the exercise of judicial discretion in such cases. Much depends upon the facts of each particular case. The finding of a chancellor should not be reversed, if there be evidence, no matter how conflicting, to sustain it: Steinmeyer v. Siebert, 190 Pa. 471.

In the case at bar some of the testimony introduced

was hearsay; some of it was competent; much of it was incompetent; but these questions are not before us because there are no assignments of error calling them to our attention. So, too, some of the witnesses were incompetent, but all of these questions can be properly raised at the trial. What we decide now is, and it is all we are called upon to decide upon the record presented here, that there was sufficient competent testimony if believed to sustain a finding that the note in suit was signed by the wife as surety for her husband. It is impossible to determine from the present record the competency of some of the testimony offered, and when the case is tried counsel should see to it that all questions of this kind are properly raised for the consideration of the court below and here if an appeal be taken.

Then, again, appellant will have an opportunity at the trial of offering testimony to sustain his contention, and this may throw light upon many of the disputed points. The record can then be put in shape so that each separate question may be raised as the rules require for determination on appeal if that be deemed advisable. Our conclusion is that the learned court below committed no reversible error in directing the judgment to be opened and the appellee let into a defense upon the merits.

Judgment affirmed.