## Holfelder, Appellant, *v.* Schramm.

*Trespass—Personal property—Unlawful sale at sheriff's sale—Remedies.*

1. A party claiming that his goods have been unlawfully sold at sheriff's sale should move to have the sale set aside under the Acts of April 10, 1849, P. L. 597, and March 10, 1858, P. L. 91; if he fails so to do, he cannot successfully maintain an action of trespass against the party at whose instance the goods were sold.

2. A party claiming that his goods were unlawfully sold at a sheriff's sale in proceedings on a judgment entered against him has no standing to bring an action of trespass against the party issuing the execution, who bought the goods at the sheriff's sale and subsequently sold them at public sale, where it appears that he knew for six weeks prior to the public sale that it was to take place, but took no steps to prevent it.

3. Where in such case it appeared that the plaintiff claimed that the judgment was improperly entered against him, but where it further appeared that he had stated that the judgment note upon which the judgment was entered was given that his goods might be taken in execution if he could not "come up and pay" a certain other obligation when it was due, he was estopped by this admission from alleging that the sheriff's sale of his goods was unlawful as well as by his failure to proceed under the Acts of April 10, 1849, P. L. 597, and March 10, 1858, P. L. 91, to have the sale set aside, and the trial judge made no error in entering a compulsory nonsuit.

Argued October 13, 1916.   Appeal, No. 125, Oct. T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., May T., 1910, No. 749, refusing to take off compulsory nonsuit in case of John Holfelder v. Peter Schramm. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ..   Affirmed.

Trespass for damages resulting from alleged illegal execution.   Before CARPENTER, J.

The facts appear by the opinion of the Supreme Court.

The trial judge entered a nonsuit which the court subsequently refused to take off.   Plaintiff appealed.

*Error assigned,* among others, was in entering a compulsory nonsuit.

*Horace J. Miller,* with him *Walter C. Crawford,* for appellant.

*Thomas F. Garrahan,* for appellee.—Defendant had a legal right to enter up·judgment on the note and issue execution thereon: Newton v. Levis, 1 Del. Co. 28; Miller v. Howry, 3 P. & W. 374; Herman v. Haldeman, 25 Lanc. L. Rev. 406; McCann v. Farley, 26 Pa. 173; Borland's App., 66 Pa. 470; Weaver, et al., v. Adams, 132 Pa. 392; Wilkinson's App., 65 Pa. 189.

Plaintiff having full knowledge of the sale and failing to exercise his rights under the Acts of April 10, 1849, P. L. 597, and March 10, 1858, P. L. 91, must be regarded as having acquiesced in the judgment and execution and is estopped from attacking the validity of the sale thereunder: Barnes v. Skiles, 30 Pa. Superior Ct. 418; Klopp v. Witmoyer & Arentz, 43 Pa. 226.

Opinion by Mr. Chief Justice Brown, January 8, 1917:

On February 3, 1906, John Holfelder, the appellant, borrowed $400 from Matthew Stoll on a judgment note, and Peter Schramm, the appellee, became his surety on the obligation. On the same day Holfelder gave Schramm his judgment note for $400 to indemnify him as surety. It was payable one day after date and contained a waiver of the obligor's right to any exemption of his personal property from levy and sale on execution. When the note given to Stoll matured, in 1908, Holfelder failed to pay it, and it was renewed for two years, Schramm becoming surety on the renewal. Holfelder, who had become heavily indebted, left his home in the latter part of June, 1908, without arranging his business affairs. His wife remained in possession of the farm which he had leased and had charge of it and his personal

property. Schramm, having learned of his absence and financial condition, and being unable to ascertain anything about his return, entered judgment against him on July 11, 1908, on the note which he held as indemnity, issued execution, and, on or about the 27th of the following month, the personal property of the appellant was sold by the sheriff and purchased by the appellee. Out of the proceeds, after the payment of rent and costs, the sum of $124.45 remained, to be applied to appellee's judgment. The writ of execution was not returnable until the first Monday of November following. On or about September 15, 1908, Holfelder returned home. The goods purchased by Schramm had remained in the possession of Mrs. Holfelder, who had charge of the farm during her husband's absence. About one month after his return Schramm had public sale on the farm of the property which he had purchased at sheriff's sale. The sale was made pursuant to advertisement in the usual way. Holfelder made no effort to prevent it, although he was at his home or in the neighborhood for at least a month before it took place. He subsequently brought this action to recover damages, which he alleges he suffered through the act of the appellant in entering judgment and issuing execution against him, in pursuance of which his personal effects were sold by the sheriff. The court being of opinion that, in view of the foregoing facts it was too late for him to question the right of Schramm, his surety, to avail himself of the protection afforded by the judgment note given to indemnify him, entered a nonsuit, and this appeal is from the refusal to take it off.

The judgment entered by the appellee against the appellant was regular on its face. The obligation upon which it was entered had matured more than two years before and was an unconditional promise to pay the appellee the sum for which he had become surety for the appellant. The right of the former was to avail himself of it at any time after February 4, 1906, without having

first paid the obligation of the latter to Stoll: Miller
v. Howry, 3 P. & W. 374; Bank v. Douglass, 4 Watts 95.
In McCann v. Farley, 26 Pa. 173, judgment was entered
upon a bond given to indemnify the obligee for any dam-
ages that he might sustain by reason of his becoming
surety for another. Judgment was entered upon this
bond and a fi. fa. was issued without leave, suggestion
affidavit, or sci. fa. and without any ascertainment of the
plaintiff's damages. On the application of the defend-
ant a rule was granted to show cause why the judgment
should not be opened and the levy set aside. The rule
was subsequently discharged, and, in holding that this
was a proper disposition of it, it was said: "Granting
·that the proper construction of the bond would make it a
mere indemnity, and not an instrument for the payment
of money, the obligee was entitled to all the indemnity
which such an instrument could legally afford him. The
entry of a judgment gave him a lien on the obligor's real
estate, but this may not have been adequate. There may
have been no realty, or it may have been encumbered to
its full value. The efficiency of the indemnity may have
depended wholly on the right to take execution and to
acquire thereby a lien on the personalty. He had no
right to take execution for more than was necessary to
his indemnity, and the record shows that he ordered it
for but one-half the penalty, and that the court, with all
the circumstances before them which the defendant could
allege, considered it equitable and just. To put the
plaintiff to his scire facias would be not only to encour-
age unnecessary litigation, but to sacrifice the indemnity
which the parties intended should be adequate. A
surety with such means of indemnity in his hands, has a
right to use them, as this plaintiff did, for his protec-
tion; and then the lien of the process is preserved whilst
the court is engaged at the instance of the defendant in
inquiring into its fairness and justice. The power of
the court over its process is ample and undoubted; so
that a defendant in circumstances like this plaintiff in

error, is as secure from oppression as he ought to be, and is only prevented from turning the party who. has obliged him round to litigation, which can almost always be rendered fruitless by making away with the means of performing that which was promised." But, for another reason, the appellee did no wrong to the appellant in entering judgment and issuing execution against him, for he himself testified, on his direct examination, that he had given the judgment note to the appellee that his goods might be taken in execution if he "couldn't come up and pay" the original note when it became due. This admission estopped him from alleging that the sheriff's sale of his goods was unlawful, and in itself justified the entry of the nonsuit. The ground upon which it was entered was good. The writ of fi. fa. upon which the appellant's goods .were sold was not returnable until six weeks after his return home and he had full knowledge of what had happened in his absence; but he took no steps to have the sale set aside. If it was unfair, irregular or fraudulent, he had a remedy under the Acts of April 10, 1849, P. L. 597, and March 10, 1858, P. L. 91. He permitted the title to the goods to become complete in the appellee, and thereafter he had no cause of action against him.

The assignments of error are overruled and the judgment is affirmed.