## Tabas et al., Appellant, *v.* Robinson et al.

*Judgment—Opening judgment—Discretion of court—Abuse.*

The appellate court will not reverse an order opening a judgment entered for want of an affidavit of defense, where it is not convinced that the lower court was guilty of an abuse of discretion in making the order.

Argued February 2, 1922.  Appeals, Nos. 245 and 246, Jan. T., 1922, by plaintiffs, from orders of C. P. No. 3, Phila. Co., March T., 1921, Nos. 3994, 4005, making absolute rule to open judgment, in case of Abraham Tabas et al., trading as Northern Metal Co. v. Harry Robinson et al., trading as American Metal Co.  Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.  Affirmed.

Rules to open judgments.  Before Martin, P. J.

The opinion of the Supreme Court states the facts.

On August 4, 1921, defendants filed petitions to open the judgments and let defendants into a defense, averring that there was (1) an agreement to attempt to settle the disputes;  (2) that pending negotiations defendants would not file nor be required to file affidavits of defense; (3) that such negotiations were still pending, and (4) in violation of the agreement judgments were entered in both cases.

The answer admitted that negotiations had existed for an amicable settlement and averred that all negotiations were terminated prior to July 7, 1921, and were not subsequently renewed.

Rules absolute.  Plaintiffs appealed.

*Errors assigned* were orders, quoting them.

*Jos. M. Dohan,* with him *Robert V. Bolger,* for appellants.

*Joseph J. Brown,* with him *Henry P. Brown,* for appellees.

Per Curiam, February 20, 1922:

In this action of assumpsit, judgment was entered on July 29, 1921, for want of an affidavit of defense; August 4, 1921, within the term, a petition was filed in support of a rule to open judgment, accompanied by an af-

fidavit of defense; depositions were taken, and the court below, being impressed with the merits of the affidavit tendered, and that the default, in not sooner entering a defense, had been reasonably explained, made an order opening the judgment and letting defendants in to a defense. Plaintiffs have appealed from this order, complaining, in substance, that the averments of their answer to the rule to open had not been sufficiently overcome by depositions, and of "the inherent incredibility of the story" averred in the affidavit of defense. These were matters primarily for the court below, and, after consideration of all the points so well urged upon us by counsel for appellants, we are not convinced of an abuse of discretion; hence the order complained of will not be disturbed.

The appeal is dismissed.