# Johnson, Appellant, v. Nippert.

*Judgments — Opening judgment — Equitable powers of court — Rule to open in nature of a bill of review—Term of court—Discretion of court—Abuse—Appeals—Review.*

1. A rule to open a judgment entered upon a warrant of attorney is an appeal to the equitable powers of the court, and will be considered as in the nature of a bill of review, notwithstanding the fact that a rule to open the same judgment had been discharged at a previous term of court.

2. On appeals from orders opening judgments, the scope of the appellate court's review is very limited, and where the rule to open the judgment involves an application addressed to the conscience of the court below sitting in equity, the appellate court will not interfere if it is convinced that the court below did not abuse its discretion.

Argued March 17, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 45, March T., 1926, by plaintiff, from order of C. P. Beaver Co., Dec. T., 1923, No. 150, making absolute rule to open judgment in case of A. L. Johnson, Agent for William Lowry, now for use of C. B. Mc-Carter, v. Ralph Nippert. Affirmed.

Rule to open judgment. Before BALDWIN, P. J. Rule absolute. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*James L. Hogan,* with him *Holt, Holt & Richardson* and *C. B. McCarter,* for appellant.

*Harold F. Reed* and *Joseph Knox Stone,* for appellee, were not heard.

PER CURIAM, April 12, 1926:

On October 5, 1923, judgment was confessed against defendant under a warrant of attorney signed by him; August 18, 1924, a rule to open the judgment was discharged; September 8, 1924, after considering additional depositions taken by leave of court, the order of August 18th was reconsidered and the judgment opened. Plaintiff has appealed.

As to appellant's complaint that the last-mentioned order was handed down after the term in which the first order was entered, and, therefore, too late, see Silberman v. Shuklansky, 172 Pa. 77, where we held, as correctly stated in the syllabus to the report of the case, that "a rule to open a judgment entered upon a warrant of attorney is an appeal to the equitable powers of the court, and will be considered as in the nature of a bill of review, notwithstanding the fact that a rule to open the same judgment had been discharged at a previous term of court."

We are not convinced that there was error in the rulings on evidence of which appellant complains, and the

fact that the court below—instead of formally directing amendments to the pleadings and to its order permitting the taking of additional depositions,—considered certain evidence, which technically may not have been admissible under the averments of defendant's petition and the court's order reopening the case for the taking of further testimony, does not require a reversal in a proceeding like this, which, as the opinion of the court below states, involves an application "addressed to the conscience of the court" sitting in equity, and a possible fraud on defendant.  On appeals from orders opening judgments, the scope of our review is very limited (Stewart v. Stewart, 246 Pa. 344, 347; Tabas v. Robinson, 273 Pa. 164, 166; Tressler v. Emerick, 278 Pa. 128; Wade v. Thornton, 283 Pa. 544, 545); and, it remains but to say, we are not convinced that the court below abused its discretion in the present instance.

The order appealed from is affirmed.