New Amsterdam Building and Loan Association, Appellant, v. Moyerman.

48

Argued October 15, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*M. Fleisher,* of *Sporkin & Fleisher,* for appellant in No. 217 and appellee in 289, cited: Maker's Executors v. Franklin Fire Insurance Co., 5 Pa. 183; Stockler v. Schneider, 228 Pa. 149; Ellmaker's Executors v. Franklin Fire Insurance Company, 6 W. & S. 419; King v. Brooks, 72 Pa. 363; Prague Flouring Mill Company v. Kirschner, 70 Pa. Superior Ct. 74; Kantor v. Herd, 276 Pa. 519; Johnson v. Nippert, 286 Pa. 175.

*B. D. Oliensis,* for appellant in 289 and appellee in 217, cited: Betts v. Y. M. C. A., 88 Pa. Superior Ct. 568; Pennsylvania Stave Co.'s Appeal, 225 Pa. 178; Deibert v. Rhodes, 291 Pa. 550; Patterson v. Pyle, 1 Monagh 351; Whitney v. Hopkins, 135 Pa. 246; Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116; Bergdoll v. Sopp, 227 Pa. 363; Union Trust Co. v. Mowrer, 64 Pa. Superior Ct. 257; Markert's Estate, 252 Pa. 622.

OPINION BY GAWTHROP, J., December 13, 1928:

These appeals were argued together and may be disposed of in one opinion. The plaintiff, the New Amsterdam Building and Loan Association, made a loan to one Greenberg of $5,000, secured by a building association bond and a mortgage on property No. 1014 Rockland Street, in the City of Philadelphia. The mortgagor assigned twenty-five shares of stock of the building and loan association as collateral security for the loan. On September 7, 1925, the defendant, Moyerman, executed and delivered to plaintiff a bond for $2,000 as collateral security. The bond recited that the plaintiff had granted to Greenberg a loan of $5,000 upon a mortgage of that amount, with twenty-five shares of the capital stock of the association assigned to it as collateral by Greenberg, upon the express condition that Moyerman should deliver to the plaintiff his bond for $2,000, as security for the prompt payment of dues, taxes, etc., as set forth in full in said bond and mortgage, until such times as Greenberg shall have, by payment of dues upon the shares collaterally assigned as security to the association, or by payments on account of the principal of the mortgage, reduced the same so that the net amount due the association by Greenberg on the loan shall not exceed the sum of $3,000. The condition of the bond was that if Moyerman, his heirs, executors, administrators, or any of them, should keep harmless and indemnify the building and loan association of and from all "loss,

damage, costs, charges, liability and expense by reason of the failure of the said Samuel Greenberg, his heirs, executors, administrators or assigns, to promptly pay the dues, interest, taxes, etc., above mentioned, until such time as the said Samuel Greenberg, his heirs, executors, administrators, or assigns, shall have by payments of dues on said twenty-five shares of stock, or by payments on account of the principal of said mortgage loan of $5,000, reduced the net amount of said indebtedness to said association to the sum of $3,000, then the obligation to be void, or else to be and remain in full force and virtue." The bond contains an unconditional confession of judgment in the sum of $2,000. It was entered and indexed of record on April 1, 1927. There was endorsed on the bond the following: "I hereby certify that the precise residence address of the judgment creditor is 1605 Penna. Bldg., —————." Greenberg defaulted in his payments on the mortgage. The plaintiff began foreclosure proceedings on May 10, 1927, and the proceeds of the sale reduced the principal debt due on the mortgage to less than $3,000. The defendant herein filed a petition to strike off or to open the judgment entered on the bond given by him. The prayer for the opening of the judgment was predicated upon two averments: first, that the plaintiff failed to give Greenberg credit for a considerable amount of money paid by him as dues on the twenty-five shares of stock collaterally assigned as security for the mortgage debt; second, that as the proceeds realized by the plaintiff in the foreclosure proceedings reduced the indebtedness of Greenberg to the plaintiff to less than $3,000, the petitioner's obligation under the bond had terminated. The reasons asserted for striking off the judgment were: first, that the plaintiff had failed to comply with the Act of March 31, 1915, P. L. 39, which requires a judgment creditor, or his duly authorized attorney or agent, to produce to the prothonotary a certificate signed by the

judgment creditor, or his attorney or agent, setting forth the precise residence address of the creditor; second, that, as the defendant's liability under the bond was conditional, and contingent upon Greenberg's default in making payments according to his contract, and there was nothing on the face thereof to indicate that any default had actually occurred, the prothonotary was without power to enter judgment thereon under the Act of February 24, 1806, 4 Sm. 270, 278. On December 2, 1927, the rule to strike off was made absolute on the authority of our decision in Deibert v. Rhodes, 91 Pa. Superior Ct. 23, and the rule to open the judgment was discharged without prejudice. December 2, 1927, was within the September term of the court below, which did not expire until December 5th, when the December term began. On January 3, 1928, the Supreme Court (291 Pa. 550) reversed the judgment of this court in Deibert v. Rhodes, supra. Whereupon, the plaintiff presented to the court below, on January 9, 1928, a petition for a rule to show cause why the judgment which was stricken off on December 2, 1927, should not be reinstated. On January 11, 1928, it filed another petition and obtained a rule to show cause why leave should not be granted it to amend the certificate of plaintiff's precise residence address. On January 30, 1928, both of these rules were made absolute and the judgment, as well as defendant's original rules to open and to strike off, were reinstated. On April 20, 1928, the court below made absolute defendant's rule to open the judgment and discharged his rule to strike off the judgment. From these orders the respective parties have taken their respective appeals.

The first contention made in the appeal by the defendant is that the order of December 2, 1927, making absolute defendant's rule to strike off judgment was an adverse and final judgment which, even if erroneous and unwarranted, the court was powerless to

change after the expiration of the term. Although the order striking off the judgment be regarded as one from which the plaintiff could have taken an appeal, it was nevertheless an order made upon a judgment by confession. A judgment by confession remains indefinitely within the control of the court and upon proper showing may be opened or vacated at any time: Penna. Stave Co.'s Appeal, 225 Pa. 178, 180; King v. Brooks, 72 Pa. 363, 364. An order opening or striking off a judgment by confession is to be regarded as subject to the same control as the original judgment, and not as an independent judgment, adversary in character, which passes out of the control of the court at the end of the term at which it was entered. The answer to the question under consideration depends upon the character of the original judgment—whether it was entered adversely after hearing or trial, or by confession or default. As it belongs to the latter class, the rule that the power of the court to vacate it ends with the term, has no application to it or to an order striking it off.

The next contention of the defendant is that the judgment was properly stricken off because of the failure of the plaintiff to comply with the mandate of the Act of 1915, supra, which provides: "That the prothonotary of each county is hereby directed not to enter any judgment unless the judgment creditor, or his duly authorized attorney or agent, produces to the prothonotary a certificate signed by the judgment creditor, or by his duly authorized attorney or agent, setting forth the precise residence address of the said creditor. The certificate shall be filed at the same number and term as the judgment." In this case the bond which was presented to the prothonotary for entry contained an endorsement that "the precise residence address of the judgment creditor is 1605 Penna. Bldg." This was a substantial compliance with the act as construed by our Supreme Court in Deibert v.

Rhodes, supra. It accomplished the sole object of the act, that of giving reliable record information to the taxing authorities. The information was sufficiently definite and precise to enable those authorities of the county in which the judgment was entered to locate the taxable. The street address was not essential. In the light of this conclusion, the right to amend the certificate becomes unimportant.

The last contention made in behalf of the defendant is that the prothonotary was without power to enter judgment on the bond under the Act of 1806, because the defendant's liability under it was conditional and contingent upon Greenberg's default in the payment of dues, etc., and that nothing on the face thereof indicates that such default had actually occurred. As already stated the bond contains an unconditional confession of judgment in the sum of $2,000. Nothing in any other part of the bond modifies the absolute confession of judgment or puts any restriction on the plaintiff in entering it. It was not required to file any averment of default and its right was to enter judgment against the defendant, without giving any reason for doing so: Spiese v. Shee, 250 Pa. 399, 401. The language of Mr. Chief Justice Brown in the latter case is appropriate: "Conceding that the proper construction of the bond makes it a mere indemnity, and not an absolute undertaking for the payment of money, execution could have issued on the judgment without writ of scire facias, suggestion or other proceedings, to ascertain the damages: McCann v. Farley, 26 Pa. 173 ...... As it was regularly entered, the control of the court over it is confined to opening it for cause shown."

We pass now to the plaintiff's appeal from the order opening the judgment. The ground upon which it was opened was that, as plaintiff admitted in its answer to the petition to open that it had received from the sheriff out of the proceeds of the sale on the mort-

gage, $2,330.15, and that Greenberg was entitled to a credit of $209.74 for dues paid to it on the stock assigned by him as collateral, making a total of $2,539.89, Greenberg's indebtedness to the plaintiff had been reduced to less than $3,000, and that the effect of this was to discharge the defendant's bond. Our construction of the terms of the bond compels a different conclusion. Before referring to the condition of the bond, it may be observed that the instrument as a whole discloses that the parties understood that the plaintiff loaned Greenberg $5,000 on his bond and mortgage upon the express condition that it should receive a collateral bond in the form in which it was made. The bond is not merely security for $2,000 of Greenberg's debt. Nor does it merely indemnify the plaintiff against loss to the plaintiff arising from that part of Greenberg's indebtedness in excess of $3,000, but against any and all loss sustained by it on his whole indebtedness until Greenberg has reduced it to $3,000 in the manner provided in the bond. The material language of the condition of the bond is that if the defendant, his heirs, etc., shall indemnify the plaintiff, its successors and assigns, from "all loss, damage, costs, charges, liability and expense, by reason of the failure of the said Samuel Greenberg, his heirs, executors, administrators or assigns, to promptly pay the dues, interest, taxes, etc., above mentioned, *until such time* as the said Samuel Greenberg ........ shall have by payments of dues ......, or by payments on account of the principal of said mortgage loan of $5,000, reduced the net amount of said indebtedness to said association to the sum of $3,000; then the above obligation to be void, etc." We are convinced that the meaning of this language is that the condition of the bond could be satisfied only by payments made by Greenberg according to its terms; that a reduction of the indebtedness in any other manner is not to be considered in performance of the condition; and that,

therefore, the payment by the sheriff of the proceeds of the sale on the mortgage was not in performance thereof. Such a payment being made out of the property itself and merely a substitute pro tanto for it, it was in prejudice of the mortgagee and not "in ease of the mortgage" and was in accordance with neither the spirit nor the letter of the condition in the bond. This conclusion is supported by the decision in Ellmaker's Executors v. Franklin Fire Ins. Co., 5 Pa. 183, and by a well reasoned opinion in Smith v. Ferris, 143 N. Y. 495. While the proceeds of the sheriff's sale must be credited on Greenberg's debt, it is not to be credited on the defendant's obligation. The payment was not in relief of the surety. His bond remains as security for Greenberg's personal obligation on his bond, although the mortgage was extinguished. It appears that Greenberg still owes the plaintiff more than the amount of the defendant's bond. While a contract of suretyship must be strictly construed, the obligee is entitled to all the indemnity which the instrument can legally afford him: McCann v. Farley, supra. As the facts in the case are undisputed, the order opening the judgment depends upon legal questions and deductions; therefore, it comes before us for review upon the merits, rather than to see if the chancellor has properly exercised his discretion: Bauer v. Hill, 267 Pa. 559; State C. of Pa. P. S. of A. v. Kelley, 267 Pa. 49. Under the undisputed facts the defendant showed no ground for relief. There is no basis for the contention that the conditions of the bond have been complied with, or that the surety is entitled to relief. If other and further cause for opening the judgment arises, another application may be made: Johnson v. Nippert, 286 Pa. 175.

In appeal No. 217 the order is reversed.

In appeal No. 289 the order is affirmed.