## Solomon Schwartz B. & L. Association v. Pedley et al.

*Harry Shapiro*, for rule; *Morton Witkin*, contra.

KUN, J., July 31, 1929.—This is a rule for judgment for want of a sufficient affidavit of defense. The defendants gave their collateral bond to the plaintiff in the sum of $10,000, reciting that, whereas the plaintiff has agreed to take

a building and loan association mortgage on certain property in the sum of $30,000, the condition of the obligation was such "that if the Solomon Schwartz Building and Loan Association is paid from time to time the sum totaling $10,000 on this building and loan association second mortgage," then the obligation to be void; otherwise, it is to be in full force and effect.

The statement of claim sets forth that the mortgage having been defaulted, it was foreclosed and sold at sheriff's sale for $1500; that the plaintiff has not received a sum totaling $10,000 on the mortgage, and, therefore, the suit to recover the amount of the bond was brought.

The defense filed by the defendant, Pedley, alleges that the plaintiff "has received on account of said mortgage dues amounting to $5450, which said sum should be credited in reduction of" the bond, and, further, that "all monies paid to the association as dues were to be credited on account of said mortgage in reduction of" the bond.

The defendant, The Metropolitan Casualty Insurance Company of New York, filed a defense to the same effect, with the additional averment that defendants Pedley and Nelson, principals on the bond, "have tendered to the said Solomon Schwartz Building and Loan Association, the plaintiff, the sum of $15,000 on the said building and loan second mortgage, which tender the said Solomon Schwartz Building and Loan Association has refused."

The monthly instalments paid on shares of stock in an association, commonly called dues, which have been assigned as collateral for a mortgage held by an association, are not, *ipso facto*, payments on account of the mortgage. Such payments may or may not be applied in reduction of the mortgage at the election of the association. It is quite true that the parties may by their initial agreement provide that the payment of dues shall be in reduction of the mortgage, and such an agreement is effective: York Trust Co., etc., *v.* Gallatin, 186 Pa. 150.

The court has not been referred to any such agreement between the parties in the instant case. Certainly, there is no such provision in the bond on which this suit is brought. The provision in the bond is that it is to be null and void if there is paid to the plaintiff association "from time to time a sum totaling $10,000 on this building and loan association second mortgage;" otherwise, it is to be in full force and effect.

There is no reference in the bond to the payment of dues on the shares of stock assigned as collateral or to the application thereof. In the absence, therefore, of any allegations of a definite and enforceable agreement between the parties that the dues paid on account of the shares of stock are to be applied in reduction of the mortgage, the mere statement in the affidavit of defense "that all monies to be paid to the association were to be credited on account of said mortgage and in reduction of this bond" is ineffective to prevent judgment.

While the precise question was not involved in the recent case of New Amsterdam B. & L. Ass'n *v.* Moyerman, 95 Pa. Superior Ct. 47, what the court said with reference to a somewhat similar contention is in point; particularly as in that case, by the very terms of the collateral bond, it seems, payments on account of dues were to be credited on the mortgage. The obligation of the collateral bond, however, was that the indebtedness to the association on the principal obligation was to be reduced to $3000 by payments thereon. That was not done. There was a default and the mortgage was foreclosed, the proceeds of which, with the small amount of dues paid in, reduced the indebtedness to below $3000, on which the surety based his contention that he was discharged. The court held that the payment by the

sheriff of the proceeds of the sale on the mortgage was not in performance of the bond; that the payment being made out of the property itself was merely a substitute *pro tanto* for it, in prejudice of the mortgagee, and not "in ease" of the mortgage, and was not in accordance with either the spirit or letter of the condition of the collateral bond. The court held the bond in force until discharged strictly according to its terms, and reversed an order of the court below which opened the judgment entered upon it to let the defendant into a defense on the ground stated.

In the case before us the collateral bond is, as has been stated, "to pay the plaintiff association from time to time a sum totaling $10,000 on this building and loan mortgage." The affidavits of defense filed show that nothing has been paid on the mortgage.

Likewise, the averment as to the alleged tender of $15,000 made to the plaintiff by the principals on the bond is ineffective to prevent judgment, because it does not appear in the affidavit of defense when, where, how, in what manner or on what terms or conditions the alleged tender was made. Likewise, the averment of the pendency of another suit is ineffective to prevent judgment.

Rule for judgment for want of a sufficient affidavit of defense is made absolute.