SECURITY CO-OPERATIVE BANK *vs.* MARGARET A. CORCORAN & others, executors.

Plymouth.    April 8, 1937. — September 16, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Guaranty. Mortgage,* Real estate: deficiency after foreclosure.

A guaranty of "payment, in full," of an $8,000 mortgage note, "in whole or any part, until such time as the sum of" $1,600 "has been paid on the principal," obligated the guarantor, upon default before $1,600 of principal had been paid, to pay the entire amount then in default, and a subsequent credit of more than $1,600, proceeds of a foreclosure of the mortgage, did not discharge the guarantor's obligation to pay a balance still remaining due.

Method adopted for computation of a deficiency after foreclosure of a mortgage, for the purpose of ascertaining the amount of liability of a guarantor of the note, was proper under G. L. (Ter. Ed.) c. 183, § 27.

CONTRACT. Writ in the District Court of Brockton dated January 2, 1935.

The action was heard by *Rowe*, J., who found for the plaintiff in the sum of $3,917.87. A report to the Appellate Division for the Southern District was ordered dismissed. The defendants appealed.

*E. A. Counihan, Jr.*, for the defendants.

*C. G. Willard*, for the plaintiff.

QUA, J. This action is upon a guaranty by the defendants' testate of a coöperative bank mortgage note for $8,000 given by one Hammarberg and his wife to the plaintiff. In a little less than a year after the note was given, monthly payments on account of the shares of the mortgagor required by G. L. (Ter. Ed.) c. 170, § 26, were suspended under § 33 of that chapter.

The guaranty was in these words: "For a valuable consideration, I hereby absolutely and unconditionally guarantee the payment, in full, of the within note or any extension thereof, in whole or any part, until such time as the sum of Sixteen hundred (1600) dollars has been paid on the principal on said note." Then follows a waiver of "presentment demand, protest, and notice." Before $1,600 had been paid the Hammarbergs fell into default, and the balance of the note became immediately due and payable under G. L. (Ter. Ed.) c. 170, § 34. The plaintiff caused the mortgage to be duly foreclosed and credited the net proceeds, amounting to more than $1,600, upon the note.

The plaintiff was rightly allowed to recover the full unpaid balance of the note against the estate of the guarantor. By the true construction of the guaranty, whenever, before $1,600 had been paid upon the principal, the makers of the note fell into default a cause of action at once arose against the guarantor to recover a sum at least as large as the amount in default. When, before the foreclosure, the entire balance of the note became due, the guarantor became liable for that amount. *Charlestown Five Cents Savings Bank* v. *Zeff*, 275 Mass. 408. The crediting thereafter of the proceeds of the foreclosure sale did not, as the defendants contend, end the guaranty or discharge the accrued obligation of the guarantor. That amounted only to a payment *pro tanto* for the benefit both of the makers and of

the guarantor. If the defendants' contention were correct, the guarantor, even after a default, could always pay or procure payment of $1,600 and thereafter could never be compelled to pay more. His promise of payment "in full," "in whole or any part," would be illusory, and the guaranty would be of little or no value as additional security to the plaintiff. Nothing in the words of the guaranty itself requires such a construction, and upon the face of the guaranty it is not a reasonable construction. See *Agricultural National Bank of Pittsfield* v. *Brennan*, 295 Mass. 325, 328; *Smith* v. *Ferris*, 143 N. Y. 495; *Pulling* v. *Schreiber*, 240 Mich. 333, 337; *Kortlander* v. *Elston*, 52 Fed. 180, 183.

The bank made no mistake in adding to the balance of principal due on the note the accrued charges for insurance, taxes, water rates* and the expenses of foreclosure and then crediting on account the full price for which the premises were sold. This was a proper method of ascertaining the deficiency and was in accordance with G. L. (Ter. Ed.) c. 183, § 27.

*Order dismissing report affirmed.*