Opinion by
 

 Parker, J.,
 

 The court below made absolute a rule to show cause why a judgment entered on a note containing a power of attorney to confess judgment should not be opened. The plaintiff has appealed.
 

 “An application to open a judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles and addressed to the sound discretion of the court. On appeal we consider only whether the court kept within the bounds of its discretionary power”:
 
 Mutual B. & L. Assn. v. Walukiewicz, 322
 
 Pa. 240, 185 A. 648. The Supreme Court has in many cases recently said that it will not reverse an order opening a judgment entered by confession except for abuse of discretion by the lower court in so doing:
 
 Johnson v. Nippert,
 
 286 Pa. 175, 133 A. 150;
 
 Tabas v. Robinson,
 
 273 Pa. 164, 116 A. 802;
 
 Stewart v. Stewart,
 
 246 Pa. 344, 92 A. 319;
 
 Tressler v. Emerick,
 
 278 Pa. 128, 122 A. 229;
 
 Wade v. Thornton,
 
 283 Pa. 544, 129 A. 637. “An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown
 
 *428
 
 by the evidence or the record, discretion is abused”:
 
 Mielcuszny v. Rosol,
 
 317 Pa. 91, 93, 176 A. 236. We are all convinced that the court below did not in any respect abuse the discretion vested in it.
 

 The appellant bases its argument on a false premise in that it is assumed that the court below opened the judgment on the uncorroborated testimony of the defendant contradicted by that of the plaintiff. There is no question that “to open a judgment there must be more than a mere conflict of evidence; it is not a case of oath against oath, but should be such evidence as carries conviction as to truth, so that a chancellor in forming his deliberate judgment is impressed with the fact that the ends of justice would be met by opening the judgment and submitting the matter to a jury”:
 
 Mielcuszny v. Rosol,
 
 supra (p. 94).
 

 The defendant, a member of the bar, had in 1929 assisted the plaintiff, a business woman, in getting a loan from a building and loan association. In June, 1930, plaintiff needed more money in her business and applied for an additional loan of $500. After the latter loan had been granted and the mortgage had been given, the plaintiff decided not to invest the proceeds of the second loan in her business and left part of the money with defendant. On June 12, 1930, plaintiff inquired of defendant as to what had become of the $500. The defendant testified and showed by checks that he had given her $200 and then gave her as security for the amount in his hands a judgment note for $300, being the note in question, on which judgment was confessed about five years later. So far the facts are not in dispute.
 

 The defendant in his petition to open alleged payment which was denied by plaintiff in her answer. The defendant not only testified that he paid the $300 admitted to be due, but produced checks in corroboration of such payments and also checks, as we have said,
 
 *429
 
 showing the payment of $200. In other words, he not only undertook to account for the amount of the note but accounted in addition for the entire sum of $500, producing checks in corroboration thereof as follows: June 4, 1930, $100, and June Í12, 1930, $100, each endorsed by plaintiff. He further testified that when plaintiff did not require the money for her business he was directed to apply the balance on account of a loan which plaintiff owed the Beneficial Loan Society, and that with such remainder of $300 he discharged that indebtedness of hers by his own checks payable to the Beneficial Loan Society. These checks were produced and were as follows: June 16, 1930, $200, and November 7, 1930, $94.54. The plaintiff also produced a pass book furnished by the Beneficial Loan Society for the recording of payments which showed these two payments at the times indicated by the checks. The balance of about six dollars was accounted for by showing a sum due defendant on account of former litigation in which he represented her. Not only did the defendant undertake to account for the $500, but he likewise undertook to account for the proceeds of the loan of $3,000. It is idle to suggest, in the light of the checks produced, the records of the mortgages, and the pass book of the Beneficial Loan Society, thht the defendant was not corroborated or that the situation as respects the weight of evidence was merely oath against oath.
 

 We are not overlooking the testimony of plaintiff and her daughter to the effect that she gave the defendant cash with which to discharge the loan to the Beneficial Loan Society. These matters, while to a certain extent collateral, were claimed by her to be involved in determining the balance due from the defendant. However, these matters involved the credibility of witnesses and were peculiarly for the chancellor who heard and saw the witnesses.
 

 
 *430
 
 In view of the fact that the issue must be submitted to a jury, we refrain from further comment on the evidence except to call attention to the fact that when plaintiff asked for an accounting, defendant gave plaintiff a note for $300 as security for the balance then in his hands and he has produced checks showing payment of all but a small and unimportant balance of a few dollars. In addition, the chancellor below was evidently impressed with the corroboration of the defendant’s testimony and took into account the unsatisfactory character of the plaintiff’s rebutting testimony which consisted for the most part in allegations that there was a balance due her without meeting the statements of defendant as to precisely the manner in which her money had been distributed. The evidence presented a typical case proper for submission to a jury and we find no abuse of discretion on the part of the court below.
 

 The order of the court below is affirmed.