Foremost Mortgage Service Company *v.*
Waylonis, Appellant.

Argued November 13, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Paul R. Zavarella,* for appellant.

*John H. Neely,* and *Neely & Stockdale,* for appellee.

OPINION PER CURIAM, January 15, 1970:
Order affirmed.

———

DISSENTING OPINION BY MONTGOMERY, J.:

This is an appeal by J. R. Waylonis, M.D., from the dismissal by the court below of his petition for a rule to show cause why a judgment confessed against him by the Foremost Mortgage Service Company (Foremost) entered April 1, 1966, should not be opened.

The record in this case consists of only the petition to open the judgment, no answer having been filed thereto by Foremost and no depositions having been taken by the parties. The petition to open alleges as a defense to the judgment that at the time Foremost negotiated the mortgage loan in behalf of Waylonis for a commission of $6,700.00, it held itself out as a real estate broker when, in fact, it was an unlicensed real estate broker within the Real Estate Brokers License

Act of May 1, 1929, P. L. 1216, 63 P.S. §442, and thus it is not entitled to the said commission or to the use of the courts for its collection.

In his petition the appellant admits that this is the second petition to open this judgment. The first petition to open this judgment was filed on February 26, 1968, and alleged grounds entirely different from the present grounds. An answer thereto was filed, and the lower court on September 10, 1968, discharged the petition. An appeal was taken on December 10, 1968, to the Supreme Court, which remitted same in April, 1969, to the Superior Court, which on April 14, 1969, non prossed the appeal for the reason that Waylonis failed to proceed with the appeal. Appellant further alleged in this second petition that it was subsequent to the latter Judgment of Non Pros that he had received information indicating that Foremost was not a licensed real estate broker at the time of the underlying transaction.

In its opinion, the lower court, by Honorable Joseph H. Ridge, Judge, refused to open the judgment for the reason that the defense alleged therein was patently without merit and for laches. It specifically refused to rule on the argument that subsequent petitions to open judgment will be considered upon the discovery of new evidence unless that evidence should have been discovered by the petitioner or was available to him at the time of prior petitions to open. The discharge of a rule to open a judgment does not necessarily preclude favorable consideration of a subsequent application to open the judgment. *Johnson v. Nippert*, 286 Pa. 175, 133 A. 150 (1926). I agree with appellant's argument that successive petitions may be considered. As stated in 49 C.J.S. Judgments §306, page 559, "Renewal of Application. . . . A second application to vacate a judgment founded on facts which were known or which should have been known to the appli-

cant at the time of making the first application will not, as a rule, be considered, although a refusal to vacate a judgment on one ground is no bar to an application to vacate it on other grounds. If, however, the court is satisfied that there was excusable neglect in not bringing forward all the grounds in the first instance, leave may properly be granted to renew the application. A new motion should always be entertained when based on new grounds, not covered by the former motion and not then known or available to the party." Foremost does not seriously dispute these principles. However, it contends, along with the usual argument that the lower court did not abuse its discretion by refusing to open this judgment, that the judgment was properly not opened because the fact that Foremost was not a real estate broker was always available to Waylonis.

I cannot accept Foremost's arguments on either ground. I believe that Waylonis could be held responsible for knowledge of Foremost's not being licensed only when he discovered it and, since the petition alleges it was newly discovered after the non pros of the first petition, laches is not a question in this case. Furthermore, I believe that Waylonis has thus alleged a meritorious defense and the lower court abused its discretion by failing to allow Waylonis to prove it.

This is not the same situation as that resulting from a trial after pleadings have been filed. This is a confessed judgment entered without such consideration. Appellant had reason to assume that Foremost held a real estate broker's license, as it represented to him during the original negotiations. I would not hold appellant under such circumstances to the strict rules of after discovered evidence. If the judgment is defective for that reason, he should have this opportunity to establish that fact.

I would remand this case to the lower court with directions to issue the rule prayed for in appellant's petition.

Therefore, I respectfully dissent.