## Johnson, Appellant, *v.* Yellow Cab Company of Philadelphia.

Argued March 19, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Harry J. Oxman,* with him *Silverberg, Oxman and Levitan,* for appellant.

*Bernard J. Smolens,* with him *C. Gary Wynkoop,* and *Schnader, Harrison, Segal & Lewis,* for appellee.

OPINION BY SPAULDING, J., June 14, 1973:

This action results from a 1970 accident in which appellant Oliver Johnson, a pedestrian, was struck by

a motor vehicle operated by William Tabb. In September 1971, 13 months after the accident, appellant commenced this suit, naming appellee Yellow Cab Company of Philadelphia as a defendant, in addition to Tabb. Appellee, however, has consistently maintained the position that its cabs were not in any way involved in the accident. After receiving the appellant's complaint at its claims office, an entry of appearance of appellee's house counsel and interrogatories were prepared. However, due to appellee's decision to forward this case to outside counsel, these pleadings were never filed. When outside counsel received the file on this case, he assumed that the pleadings, contained therein, had been filed and decided to take no further action until answers to the interrogatories he thought had been filed were received. On November 30, 1971, appellant entered judgment by default and three days later appellee filed a petition to open judgment. An answer to the petition was filed and the petition dismissed. On January 21, 1972, a petition for reconsideration was filed. After an answer to this petition, depositions, and oral argument, the court below ordered the judgment opened. Appellant now appeals from that order.

"A petition to open a default judgment is an appeal to the court's discretion, Fox v. Mellon, 438 Pa. 364, 366, 264 A. 2d 623 (1970) ; McDonald v. Allen, 416 Pa. 397, 206 A. 2d 395 (1965), and before that discretion will be exercised three factors must be present: (1) the petition to open is promptly filed, (2) the default is reasonably explained, and (3) a defense is shown to exist on the merits. Fox v. Mellon, supra; Wheel v. Park Building, 412 Pa. 545, 195 A. 2d 359 (1963)." *International Equity Corp. v. Pepper and Tanner, Inc.,* 222 Pa. Superior Ct. 118, 125, 293 A. 2d 108, 112 (1972). The court below held that appellee, here, met all three of these requirements and opened the default

judgment which had been entered in appellant's favor.

"A lower court's ruling opening or refusing to open will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion. Kraynick v. Hertz, 443 Pa. 105, 277 A. 2d 144 (1971); Fox v. Mellon, 438 Pa. 364, 264 A. 2d 623 (1970); [other citations omitted]." *Balk v. Ford Motor Company,* 446 Pa. 137, 140, 285 A. 2d 128, 131 (1971). We find no abuse of discretion and hence affirm.

Appellee has met the requirement of promptness, having filed the petition to open only three days after the default judgment was taken. Appellant argues that appellee failed to meet the other two criteria for opening a judgment, i.e., a reasonable explanation of the default and the existence of a defense on the merits.

As determined by the court below, appellee reasonably explained the default as follows: "Counsel for defendant [appellee] erroneously relied upon copies of an Entry of Appearance and Interrogatories which had never, in fact, been filed. He assumed that an entry of appearance was made by defendant's house counsel and that Interrogatories had been filed and thus decided to take no action until he received the Answers to Interrogatories. Defendant's failure to file an Entry of Appearance was not a dilatory tactic and thus can be excused in this instance." Errors of counsel such as the one here or clerical errors, which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment. See, *e.g., Balk, id.*; *Fox v. Mellon,* supra (insurance claims manager erroneously assumed that there was time remaining in which to enter an appearance); *Stephens v. Bartholomew,* 422 Pa. 311, 220 A. 2d 617 (1966) (counsel's not reading complaint in time to file an answer due to being out of town and busy with other clients); *Samuel*

*Jacobs Distributors, Inc. v. Conditioned Air, Inc.,* 223 Pa. Superior Ct. 466, 301 A. 2d 907 (1973) (error of counsel in incorrectly assuming no proper service had been made on corporate defendant and failure to receive letters and copies of the complaint mailed from counsel to other counsel and to defendant's corporate officers).

Finally, the court below properly concluded that appellee had shown the existence of a defense on the merits, even though this may have been unnecessary since our Supreme Court has noted that, ". . . unlike assumpsit actions, a meritorious defense need not be demonstrated in order to open a default judgment in a trespass action if the equities are otherwise clear, [Citations omitted]." *Kraynick v. Hertz,* 443 Pa. 105, 109, 277 A. 2d 144, 146 (1971). The lower court opinion holds that "defendant [appellee] has gone beyond the mere allegation that it possesses a meritorious defense and has filed a proposed Answer to Plaintiff's Complaint. In its answer, defendant asserts that no vehicle of the defendant was in any way involved in the accident which is the subject matter of the Complaint. If established at the time of trial, such assertion would afford a complete defense to defendant."

Order affirmed.