King et al., Appellants, *v.* Fayette Aviation et al.

Argued November 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*John W. Pollins, III,* with him *Hammer & Pollins,* for appellants.

*Thomas W. Smith,* with him *Dickie, McCamey & Chilcote,* for appellees.

OPINION BY HOFFMAN, J., April 3, 1974:

This is an appeal from an order granting the appellees' petition to open a default judgment for failure to answer appellant's complaints.

Appellants filed a complaint on October 28, 1971, claiming that the appellees were liable under an oral bailment contract for damages to a small aircraft. The complaints were served on appellees on November 1, and November 4, 1971, with notice to plead within twenty days. On November 9, appellees' counsel secured a twenty day extension in order to prepare and file an answer. On February 8, 1972, appellant's counsel entered a judgment by default.

Appellees' counsel filed a petition to open the judgment on March 9, 1972. A commissioner was appointed to take testimony, make findings of fact and recom-

mendations. He conducted a hearing at which counsel for both parties testified. The commissioner recommended that the judgment be opened and found that all elements necessary for doing so were present: the petition was promptly filed; it averred a meritorious defense; and, the default in answering the complaint was reasonably explained. *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A. 2d 128 (1971); *Kraynick v. Hertz,* 443 Pa. 105, 277 A. 2d 144 (1971). The court below dismissed appellant's exceptions to the findings and recommendation, and opened the judgment.

The commissioner found that counsel's other court commitments established an adequate excuse under the circumstances to justify opening the judgment.[1] While we will not pass on the credibility of counsel's assertion, we cannot accept a "burdens of litigation" explanation for a failure to prepare and file an answer for over three months. See *Balk v. Ford Motor Company,* supra, 446 Pa. at 143; *Retzback v. Berman Leasing Company,* 222 Pa. Superior Ct. 523, 527 (1972) (concurring opinion). Appellant's cause of action was not a particularly complicated one and the preparation of an answer should not have been an unusually difficult or time consuming matter. An extension of time had already been granted and counsel had no justification for assuming that the extension would last indefinitely. *Pappas v. Stefan,* 451 Pa. 354, 357 (1973). If counsel was so pressed for time it would have been a simple matter for him to have asked for another extension of time or have another attorney in his law firm

---

[1] The Commissioner also found that appellees' counsel believed that he would be notified before appellant's counsel took any action. There is, however, no evidence on the record that appellant's counsel did or said anything that would support such a belief. He had already been given a twenty day extension, and had no reason to expect that appellant's counsel would notify him prior to taking any action.

prepare an answer. We find counsel's explanation for his total inaction for three months to be lacking sufficient merit to justify opening the judgment.

While we conclude that the court below erred in opening the judgment and order that it be reinstated, appellant is not entitled to a judgment in the amount claimed. Since the amount of damages depends upon the reasonable value of the aircraft and its salvage value, the damages are not a "sum certain" and a separate trial is necessary. *Evans v. Allied Discount Co.*, 199 Pa. Superior Ct. 239, 184 A. 2d 345 (1962) ; Pa. R. C. P. Nos. 1037(b), 1047(a).

The order of the court below is reversed, the judgment of liability reinstated and the case remanded for a trial on damages.

---

DISSENTING OPINION BY JACOBS, J.:

I respectfully dissent.

The discretion traditionally accorded the lower court in matters involving the opening of judgments seems to me particularly appropriate in cases where the reasonableness of an attorney's conduct involves local practice and custom. If, in the case at bar, local practice and custom included an understanding that a judgment would not be taken under the present circumstances absent notification to opposing counsel, the lower court was justified, in the exercise of its sound discretion, in holding the technical lapse of appellees' attorney excused. *Cf. Good v. Sworob*, 420 Pa. 435, 218 A.2d 240 (1966). For that reason, I believe that the order of the court below should be affirmed.