Highway Equipment Company, Appellant, *v.*
Hamlin Coal Company, Appellant.
Highway Equipment Company, Appellant, *v.*
Shawville Coal Company, Appellant.

Argued March 22, 1974. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

*John M. Elliott,* with him *Gary R. Leadbetter, Joseph J. Lee,* and *Dilworth, Paxson, Kalish, Levy & Coleman,* for appellants at Nos. 353 and 354.

*Anthony S. Guido,* for appellant at Nos. 394 and 395.

*Anthony S. Guido,* for appellee at Nos. 353 and 354.

*John M. Elliott,* with him *Gary R. Leadbetter, Joseph J. Lee,* and *Dilworth, Paxson, Kalish, Levy & Coleman,* for appellees at Nos. 394 and 395.

OPINION BY WATKINS, P. J., September 23, 1974:
These appeals are from the order of the Court of Common Pleas, Civil Division, of Clearfield County granting a petition to open judgments entered by default in favor of Highway Equipment Company and against Hamlin Coal Company and Shawville Coal Company and on the refusal of the court below to set aside garnishments and attachments filed by Highway Equipment Company.

The Memorandum Opinion and Order of the court below sets forth both the factual background and reasons for the order and we cite it, in part, as follows: "The circumstances in the instant case are not totally unusual; but they arise really from failure to follow custom; and are such as to have given the Court concern by the way in which they occurred. The case arises out of a Petition to Open Judgment entered against the defendants by the plaintiff for failure to file responsive pleadings. After considerable disputes over a long period of time concerning the condition of equipment sold to the defendants by the plaintiff (which remain unresolved), plaintiff sued defendants and filed Complaint on September 18, 1973. It is admitted that plaintiff's attorney was in contact with defendants' attorney concerning the matter and although the latter had asked for further time to file responsive pleadings, he was notified by plaintiff's attorney that they refused to give further extension of time. However, defendants' attorney was not specifically told that judgment would be taken by default; but this was done on October 26, 1973, approximately 38 days after service of the Complaint on September 19, 1973. An attachment upon the bank accounts and an account owing by a creditor of defendant was issued on November 15, 1973; came to the attention of defendants on November 16, 1973, at which time they notified their counsel. On November 19, 1973, the Court entered an Order opening the default judgment, upon the understanding that counsel for plaintiff was not objecting to the same. Plaintiff's counsel approached the Court and declared that no approval for opening had ever been given, and that defendants had withdrawn their monies from their bank accounts. Again, upon his assertion, the Court vacated the order which opened the judgment; and the default judgment and attachments were reinstated. On November 30, 1973, a full hearing was held upon the peti-

tion to open judgments, the delay having been occasioned in order to give counsel on both sides opportunity to appear without interference from other commitments.

"We are now satisfied that great injustice would result to the defendants if the judgments were permitted to stand. First, after hearing had, we are satisfied that no fraud upon the Court was intended; the record showing that the only sums which had been withdrawn from the accounts after the judgment was opened were for checks on matters handled prior to the default judgment. Next, the record shows that immediately upon institution of the suit, defendants had consulted with their attorney and had been attempting to put together all information necessary to contest the actions and to prosecute counterclaim against the plaintiff. The record shows, too, that there was a basis upon which they could defend and counterclaim. In addition, the custom in the County, although there is no rule requiring the same, has been to the effect that counsel would be advised before any default judgment would be actually entered, particularly where there had been prior dealings. In the instant case it is true that defendants' counsel had been told there would be no extension of time for filing responsive pleadings, but counsel's testimony was to the effect that he still did not feel a default judgment would be entered without advance notice thereof. The Court does not fully refer to all of the testimony, but it is satisfied that injustice would result to the corporate defendants in the same manner as was frowned upon in the case of Charles J. Webb Sons Co. versus Webber, 194 Pa. Superior Court 614. As there declared, the defendant 'had a right to rely on the assumption that . . . [defendant's attorney] would protect his interest . . . In the interest of justice, this judgment should be opened and defendant let into a defense.' Here, too,

these defendants should not have their rights severed through what occurred between the attorneys. The petition to open was properly filed upon learning of the judgment; there was a reasonable explanation as to the failure of responsive pleadings at that time; and the averments of defense and counterclaim are meritorious in nature, and should be the subject of trial thereon."

The opening of a judgment is within the sound discretion and equitable powers of the court below and we find no abuse of discretion in these appeals.

Appellants Hamlin Coal Company and Shawville Coal Company aver that the court below erred in not setting aside the garnishments and attachments of Highway Equipment Company entered upon the judgment which was opened. The court below in its Memorandum Opinion indicated that it was without authority to control the garnishment and attachments and cited *Sanctis v. Lagerbusch et ux.*, 213 Pa. Superior Ct. 483, 487-88, 249 A. 2d 919 (1968), wherein this Court set forth again the rule stated in *Markofski v. Yanks*, 297 Pa. 74, 146 A. 569 (1929), which reads: ". . . Even after a hearing on the rule where the judgment is opened and the appellants permitted to defend, the judgment is still a lien and the lien of a levy previously made on an execution outstanding is also retained."

An order opening a judgment is interlocutory in nature and the court retains the power to control said judgment, garnishments, attachments and executions entered on said judgment. He may determine at hearing the extent of the relief, if any, the appellants are entitled to by determining the assets available to respond to the judgment in addition to the funds garnished or attached. In this case there is no indebtedness admitted by the coal companies to Highway Equipment Company and a counterclaim has been filed far exceeding the amount of the judgment or the sums garnished. However, in the present state of the record, these are

merely allegations of a defense and a counterclaim and have yet to be proven. 7 Standard Pennsylvania Practice 576.

Therefore, the order of the court below opening the judgments entered against the defendant allowing them to file responsive pleadings and/or counterclaims is affirmed and the order refusing to set aside the lien of the attachments is reversed and remanded to the court below for further consideration in accordance with this opinion.

CONCURRING AND DISSENTING OPINION BY JACOBS, J.:

In this case, default judgments were taken for failure to file an answer within 38 days after service of the complaint. At the time judgments were taken the plaintiff below issued attachment executions against defendants' bank accounts and a debtor of defendants. The court below opened the judgments against defendants and let them in to a defense, but refused to disturb the lien of the attachments. Plaintiff appealed that part of the order opening the judgments and defendants appealed from the refusal to set aside the lien of the attachments.

The majority affirms the order opening the judgments and in that result I concur. However, the majority reverses the order refusing to set aside the lien of the attachments and remands for further consideration. I respectfully disagree with such order because it implies that the court below can set aside the attachments at its discretion. In my opinion, the attachments should not be set aside upon the opening of the judgments unless there is no conceivable basis on which the plaintiff can recover or adequate alternate security is posted by defendants.

For the first proposition I cite *Joseph Melnick Bldg. and Loan Ass'n v. Melnick*, 361 Pa. 328, 64 A. 2d 773 (1949), where the Supreme Court approved the dissolu-

tion of the attachment when the defendant in the judgment could never be held liable because of a novation, but emphasized that ordinarily when a judgment is opened after an attachment has issued the attachment may not be quashed or dissolved and it remains a lien. In *Adams v. James L. Leeds Co.*, 189 Pa. 544, 42 A. 195 (1899), the attachments and their liens, which the lower court had set aside upon opening a judgment, were reinstated—holding that the liens should be continued pending the determination of the validity of the judgment. The Supreme Court pointed out that the plaintiff is entitled to the security of the liens unless other equivalent security is approved by the court and substituted for it.

As the majority opinion states, defendants' defense and counterclaim are merely unproven allegations. This is not a case where it is clear plaintiff can not recover or that defendants are not liable nor have defendants offered security equivalent to the liens. Under the circumstances of this case, the court below was correct in refusing to set aside the lien of the attachments and I would affirm that action.