Slott *v.* Triad Distributors, Inc. et al., Appellants.

Argued June 14, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Harry L. Jenkins, III,* with him *Jenkins, Miller & Jenkins,* for appellants.

*Gary Green,* with him *Sidkoff, Pincus, Greenberg & Golden,* for appellee.

OPINION BY JACOBS, J., September 23, 1974:

This is an appeal from an order denying a petition to open a judgment taken by default. For the reasons stated hereinafter, we affirm the order of the court below.

Appellee instituted an action in assumpsit on November 28, 1973 to recover salary and sales commissions which he alleged were earned but unpaid. Service of a properly endorsed complaint was made upon the appellants on November 30, 1973. Thus, the due date of the answer was December 20, 1973.[1] Appellee alleges that his counsel was contacted on December 13, 1973 by an attorney who stated that he represented the appellants and requested that a copy of the complaint be forwarded to him; a copy was sent the same day. He alleges that on December 14 a second attorney contacted his counsel and stated that *he* represented the appellants; a copy of the complaint was promptly forwarded to him. On December 17, a third attorney, Harry L. Jenkins, III, Esq., presently the attorney of record for appellants, called appellee's counsel and stated that *he* now represented the appellants. Appellee alleges that his counsel informed Mr. Jenkins of the prior communications and stated that no extension of time would be considered until one of the attorneys entered an appearance on behalf of the appellants.[2]

---

[1] Pa. R.C.P. 1026 states that "[e]very pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading . . . ."

[2] The cover letter sent with each of the complaints previously forwarded stated: "I am sending this copy without any prejudice

Later that day Mr. Jenkins visited the office of appellee's counsel to obtain a copy of the complaint and stated, according to appellee, that he would enter his appearance immediately upon leaving appellee's counsel's office. Appellee alleges that Mr. Jenkins informed him that a timely answer would be filed. When, on December 20, he received neither an answer nor a request for an extension of time he instructed a member of his law firm to check the docket on December 21 to ascertain whether an attorney had entered an appearance, and if not, to enter the default judgment.[3] Thus, on December 21, 1973, exactly one day beyond the 20-day period within which appellants were required to file an answer, appellee entered the default judgment.[4]

Appellants filed a petition to open the judgment on January 7, 1974. This petition was subsequently denied by Judge HIRSH in the court below and this appeal followed.

"Snap" judgments taken quickly after the expiration of an answer's due date are viewed by the courts with disfavor. This view results both from the fact that prejudice to the party taking the judgment can rarely be shown, and from the fact that such action is thought to be contrary to the true purpose of the default judgment.[5]

---

to my right to take judgment by default if and when such action becomes appropriate." Record at 27a-28a.

[3] The prothonotary's stamp shows that the default judgment was entered at 2:51 P.M. on December 21. Mr. Jenkins entered an appearance later that afternoon.

[4] Pa. R.C.P. 1037(b) permits the entry of a default judgment "against the defendant for failure to file within the required time an answer to a complaint . . . ."

[5] " 'The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff

Our review of the decision of the court below, however, is guided by several well established principles, foremost of which is that "only when there has been an abuse of discretion by the court below in refusing to open a default judgment will this Court reverse . . . ." *Kraynick v. Hertz,* 443 Pa. 105, 109, 277 A.2d 144, 146, (1971). If the decision by the court below not to open the judgment was authorized by the law and supported by the facts, it will be sustained. *Criscuolo v. Moore Farms, Inc.,* 222 Pa. Superior Ct. 323, 294 A.2d 895 (1972).

The petition to open a default judgment is an appeal to the equitable discretion of the court which the court may exercise only when three factors coalesce: "(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 498, 305 A.2d 698, 700 (1973).

The appellants contend that all three requirements were met and that the lower court therefore abused its discretion in not opening the judgment. The lower court, however, found that the appellants satisfied only the first requirement and refused to open the judgment.

Appellant Madison argues that its failure to file a timely response was reasonably excused. Madison alleges that an answer was prepared which was to be verified by Madison's president on December 21, 1973, and then filed. However, due to inclement weather he was unable to travel to Philadelphia on that day to

so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant'." *Kraynick v. Hertz,* 443 Pa. 105, 111, 277 A.2d 144, 147 (1971), quoting *Coggin v. Barfield,* 150 Fla. 551, 554, 8 So. 2d 9, 11 (1942).

make the verification. Madison avers that it was unsuccessful in attempting to contact appellee's counsel to explain the situaton and that, consequently, late on Friday, December 21 its counsel sent a letter to appellee's counsel apprising him of the circumstances and then entered an appearance at the prothonotary's office. In its brief Madison states that the verification was executed the following Monday on December 24, 1973, and that it discovered on the following Wednesday that the default judgment had been taken. Brief for appellant at 4. Madison states: "It is clear that the appropriate pleadings were prepared within the time limit, but unforeseen circumstances plus counsel for [appellee]'s absence precluded filing on the day in question." Brief for appellant at 7-8.

Judge HIRSH found that "Defendant Madison presents neither deposition nor affidavit to substantiate this bare allegation [inability to verify due to inclement weather and inability to contact appellee's counsel] which, taken on its merits, simply does not impress this Court." Memorandum Opinion at 3. In meeting the requirement of showing a reasonable excuse for its failure to file a timely response "the petitioner must support his position with clear and sufficient proof . . . ." *Retzbach v. Berman Leasing Co.*, 222 Pa. Superior Ct. 523, 526, 294 A.2d 917, 918 (1972) (concurring opinion). The lower court reasonably found that Madison failed to offer such support. Additionally, even if it had filed on December 21, 1973 the answer would not have been timely.

Moreover, this Court cannot help but note inconsistencies in Madison's position. It grounds its petition on the argument that but for the inclement weather the answer would have been verified and filed, and notes its good faith and dispatch ("when the verification is indeed signed on the next succeeding workday" Brief for appellant at 8). The answer presented to

this Court, however, shows that it was not verified on December 24, as appellant claims, but rather was not verified until February 12, 1974. Record at 38a. "[A] petition which seeks to open a default judgment —essentially equitable in nature and governed by equitable principles—must establish 'equitable considerations which appeal to the conscience' of the court. Richmond v. A.F. of L. Med. S. Plan, 415 Pa. 561, 562, 204 A.2d 271, 272 (1964)." *Kraynick v. Hertz,* supra at 109-10, 277 A.2d at 146. Because Madison offered only a bare allegation of an excuse and attempts to bolster that excuse with considerations which do not appeal to the equitable conscience of the court, we cannot say that the lower court abused its discretion in ruling that Madison failed to reasonably excuse its failure to file a timely response.

As to appellant Triad, it claims that it intended to file preliminary objections to the complaint contesting the jurisdiction of the court over it, a New Jersey corporation. No explanation of the failure to file timely preliminary objections is offered.[6]

Judge HIRSH also found that the appellants failed to show a meritorious defense. Appellant Triad has never attempted to show any defense other than its preliminary objections to jurisdiction. As noted previously, these were denied by the court. No other defense is even averred. Madison asserts only that "there had been an accord and satisfaction." It is clear that the petition to open must set forth its defenses "in precise, specific, clear and unmistaken terms," *Ab v. Continental Imports,* 220 Pa. Superior Ct. 5, 9, 281 A.2d 646, 648 (1971), and must set forth the facts on which the defense is based. *Young v. Mathews Trucking Corp.,* 383 Pa. 464, 119 A.2d 239 (1956). We cannot say that the lower court abused its discretion in finding that both

---

[6] Preliminary objections were eventually filed and dismissed by order of the court dated February 5, 1974. Record at 30(a).

appellants failed to satisfy the requirement that a meritorious defense be shown.

This court is reluctant to grant its approval to a snap judgment taken on the twenty-first day. However, we have examined the record to "ascertain whether there are present any equitable considerations in the factual posture of the case," *Kraynick v. Hertz,* supra at 111, 277 A.2d at 147, which would permit us to have this cause heard on the merits. We can find none. We find only a record peppered with inconsistencies and a failure to comply with the requirements for obtaining an order to open the judgment.

Because the decision of the court below was authorized by law and supported by the facts, we are unable to find an abuse of discretion on the court's part.

Order affirmed.