## Smith, Appellant, *v.* Tonon.

540

[redacted]

Argued September 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Allen T. Newman,* for appellant.

*Robert M. Ruzzi,* for appellee.

OPINION BY HOFFMAN, J., December 11, 1974:

The sole issue in this appeal is whether the lower court abused its discretion by granting appellee's petition to open a default judgment.

Appellant, the operator of an automobile which was struck by a motor vehicle operated by appellee, filed a complaint in trespass against appellee in the Common Pleas Court of Philadelphia County on March 22, 1973. At appellant's direction, the Philadelphia County sheriff deputized the Carbon County sheriff to serve process on appellee. On April 14, 1973, appellee was served

with a copy of the complaint, with notice to plead within twenty days. (Apparently the return of service was not physically entered on the Philadelphia docket until some time between April 27, 1973, and May 8, 1973.) Appellee forwarded the complaint to his insurance company, which forwarded it to appellee's attorney. Appellee's attorney learned of the complaint on April 27, 1973, or earlier. Appellee never filed an answer to the complaint. On May 8, 1973, on praecipe of the appellant, the prothonotary of the court below entered judgment against appellee for failure either to file an answer to the complaint or to enter an appearance.[1] On May 11, appellee's attorney learned that the default judgment had been entered against appellee. Appellee's attorney did not communicate with the court or with appellant's attorney until September 12, 1973. (Appellee's attorney was on active duty with the army reserve in Fort Sill, Oklahoma, from June 3, 1973, to September 3, 1973). Appellee's petition to open judgment, dated September 12, 1973, was filed September 24, 1973. On April 30, 1974, the Honorable Jay H. EISEMAN of the Court of Common Pleas granted the petition. This appeal followed.[2]

Opening a judgment is a matter committed to the discretion of the lower court. *Good v. Sworob*, 420 Pa.

---

[1] Pa. R.C.P. 1047(a), which applies to trespass actions, provides that "[a]fter a complaint has been filed and the time for pleading thereto has expired, the prothonotary, on praecipe of the plaintiff, shall enter judgment against a defendant who has neither pleaded to the complaint nor appeared at any time in the action."

[2] Such an order is appealable. "In all cases of application for the opening, vacating and striking off of judgments of any kind, whether entered by amicable confession, upon warrant of attorney or otherwise, any party aggrieved by the decision of the court opening, vacating or striking off or the refusal to open, vacate or strike off such judgment, may appeal therefrom . . ." Act of May 20, 1891, P.L. 101, §1, as amended June 3, 1971, P.L. 118, No. 6, §1 (§509(a)(28)), 12 P.S. §1100.

435, 218 A. 2d 240 (1966). Nevertheless, when that discretion has been abused, an appellate court must reverse such an order. *Kramer v. Philadelphia*, 425 Pa. 472, 229 A. 2d 875 (1967). The lower court's discretion "is to be exercised only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown;[3] (3) the failure to appear can be excused." *Balk v. Ford Motor Co.*, 446 Pa. 137, 140, 285 A. 2d 128, 130-131 (1971). We find that in the present case appellee has not excused his default and has failed to file his petition to open in a timely manner.

Appellee offers no excuse for his failure to file a timely answer to appellant's complaint. The complaint, with notice to plead within twenty days, was served on appellee on April 14, 1973, thus allowing appellee until May 4, 1973, to answer. Considering the facts as admitted by appellee's attorney in his petition to open judgment and in his brief before this court, it appears that he received a copy of the complaint no later than April 27, 1973, thus allowing the attorney at least one week in which to respond to the complaint.[4] We know of no reason, and appellee offers none, which required

---

[3] "The rule has always been that where the equities are otherwise clear, in a trespass action as opposed to one in assumpsit, a good defense need not be posited in order to open a default judgment. *Kraynick v. Hertz*, 443 Pa. 105, 277 A. 2d 144 (1971); *Kuntz v. Lanbar Hotel Co., Inc.*, 380 Pa. 90, 110 A. 2d 249 (1955); *Scott v. McEwing*, 337 Pa. 273, 10 A. 2d 436 (1949)." *Balk v. Ford Motor Co.*, 446 Pa. 137, 140, 285 A. 2d 128, 130 (1971).

[4] Appellee states in his petition to open judgment that he "forwarded his Complaint to his insurance carrier. . . . *This Complaint was subsequently forwarded to the company's attorney in Philadelphia.* . . ." Appellee admits in his brief before this court that "[t]he attorney for the [appellee], who received this case from [appellee]'s insurance company, *checked the court docket on April 27, 1973.* . . ." (emphasis supplied). A copy of the complaint had been filed and docketed on March 22, 1973.

the attorney to delay any action on the complaint until the sheriff's return of service was physically entered on the Philadelphia County docket. Moreover, appellee's attorney admits that he postponed taking any action on the case for four months even after he learned that the entry of service had been entered on the docket. Appellee admits that his default "was caused by his attorney's mistake in holding back his entry of appearance," but presents no excuse for the attorney's failure to act. Where a default judgment, properly entered against a party as a result of his attorney's unexcused delay, is opened by order of a lower court, this court must reverse that order. *King v. Fayette Aviation*, 226 Pa. Superior Ct. 588, 323 A. 2d 286 (1974).

Nor was appellee's petition to open judgment timely filed. Appellee admits in his petition to open judgment that his attorney learned of the entry of default judgment on May 11, 1973, but the petition was not filed until September 24, 1973, nineteen weeks later. From May 11 until September 12, the date appellee's attorney signed the petition to open judgment, appellee apparently made no effort to contact appellant's attorney. A delay of even seven weeks between a party's knowledge of the entry of default judgment and the filing of a petition to open has been held to render the petition untimely, requiring the Supreme Court to reverse the lower court's order opening judgment. *Pappas v. Stefan*, 451 Pa. 354, 304 A. 2d 143 (1973).

Appellee's attorney claims that he was unable to file a prompt petition to open judgment because of his service in an army reserve unit. Nevertheless, appellee's counsel states that his tour of duty did not begin until June 3, 1973, allowing him three weeks in which to file such a petition before starting active duty. Our Supreme Court has held that a lapse of twenty-seven days between knowledge of a default judgment and the filing of a petition to open may render the petition

untimely. *Texas & B. H. Fish Club v. Bonnell Corp.*, 388 Pa. 198, 130 A. 2d 508 (1957). We therefore cannot find that appellee's counsel was justified in letting the three weeks before his three-month tour of duty elapse without taking any action to open the default judgment.[5]

When a lower court grants a petition to open a judgment which was not promptly filed, the appellate court will order that judgment reinstated. *Zellman v. Fickenscher*, 452 Pa. 596, 307 A. 2d 837 (1973) ; *Kramer v. Philadelphia*, supra.

The order of the court below is reversed and the default judgment reinstated.

VAN DER VOORT, J., dissents.

---

[5] Appellee's attorney alleges in his brief before this court that the petition to open judgment was "prepared before his departure with instructions that it be typed and filed with the [lower] court." This allegation, however, was not presented in any brief or pleading before the lower court. Appellee is now precluded from offering this excuse for the first time.