## Alexander et ux. *v.* Jesray Construction Company et al., Appellants.

Argued June 16, 1975. Before WATKINS, P. J., JACOBS, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (HOFFMAN, J., absent).

*Lawrence F. Flick,* with him *Alan Jay Josel,* and *Menin, Flick, Josel & Barrish,* for appellants.

*Melvin Brookman,* and *Shein & Brookman,* submitted a brief for appellees.

OPINION BY CERCONE, J., October 28, 1975:

Appellants contend that the lower court abused its discretion in refusing to open a judgment entered by default in favor of the plaintiffs, Dr. and Mrs. Lawrence Alexander. We agree and, therefore, reverse.

On April 10, 1974, the plaintiffs filed a complaint in assumpsit and trespass against appellant-defendants Jesray Construction Company, Executive Park Homes, Inc., and Jesse Gutman, individually, alleging that defendants failed to comply with certain agreements relative to the construction of plaintiffs' home. Plaintiffs further alleged that defendant Gutman fraudulently induced them to make settlement prior to the completion of the construction of their home. The complaint was duly served upon defendants on May 7, 1974. On May 28, 1974, the attorney for the defendants, Lawrence F. Flick, Esq. requested and received from plaintiffs' counsel, Allan Dabrow, Esq., a thirty-day extension of time in which to file an answer. No answer, however, was filed within the thirty-day period.

On July 12, 1974, at 9:27 a.m. plaintiffs' counsel caused a default judgment to be entered against defendants for failure to enter an appearance or file an answer. At 4:28 p.m. on the very same day, defendants' answer was filed. Five days later defendants filed a petition to open judgment. After plaintiffs filed their answer to the petition, and depositions were taken, the lower court dismissed the petition to open judgment. This appeal followed.

It is fundamental that "a petition to open a default judgment is addressed to the lower court's equitable powers and is a matter of judicial discretion." *Hersch v. Clapper,* 232 Pa. Superior Ct. 550, 552, 335 A.2d 738, 740 (1975) and cases cited therein. Accordingly, we will

not disturb the lower court's decision on these matters unless there has been an error of law or a clear abuse of discretion. *Hersch v. Clapper,* supra.

A default judgment should be opened when the petitioner has satisfied the following three requirements: (1) the petition has been promptly filed; (2) the petitioner has offered a reasonable explanation for his failure to go timely forward with the action; and (3) the petition has set forth a meritorious defense. *Hersch v. Clapper,* supra; *Spilove v. Cross Trans., Inc.,* 223 Pa. Superior Ct. 143, 145-146 (1972).

In the case at bar, the plaintiffs concede that defendants have satisfied the first requirement since the petition to open was filed five days after the taking of the default judgment. The plaintiffs contend, however, that defendants have not met the other two criteria for opening a judgment, namely, a reasonable explanation for the default and the demonstration of a meritorious defense. We conclude otherwise.

As previously noted, defendants' counsel, Mr. Flick, requested and received a thirty-day extension of time from plaintiffs' counsel, Mr. Dabrow, on May 28, 1974. It is at this point that the facts fall into dispute. Depositions were taken of both Mr. Flick and Mr. Dabrow. Mr. Flick stated that on July 8, 1974, he telephoned Mr. Dabrow and informed him that he was awaiting an affidavit for the answer and that it would be filed no later than July 12, 1974. According to Mr. Flick, Mr. Dabrow consented to this additional extension of time. Mr. Dabrow, on the other hand, offered a different explanation of the events that transpired between May 28, 1974, and July 12, 1974. Mr. Dabrow stated that he spoke to Mr. Flick on July 1, 1974, and was advised that the answer "was filed or would be filed that day." Mr. Dabrow denied that he ever spoke to Mr. Flick on July 8, let alone granted him an additional extension of time.

Irrespective of whose version of the events leading up to the default judgment is accurate, we find that in the interests of justice this dispute should not result in the termination of the appellants' right to defend. It is well settled that the power to open a default judgment entered as a result of mistake or oversight of counsel is frequently exercised where the petition to open is promptly filed and a reasonable excuse for the default is presented. *Spilove v. Cross Trans., Inc.*, supra; *Carrozza v. Girard Chevrolet Co.*, 200 Pa. Superior Ct. 502 (1963); *Scott v. McEwing*, 337 Pa. 273 (1940). Instantly, Attorney Flick was proceeding under the impression that the answer was not due until July 12, 1974; and this misunderstanding, if it was indeed a misunderstanding, explains his failure to file the answer at an earlier date. In the circumstances of this case, we are satisfied that the appellant-defendants offered a reasonable explanation for their failure to file a timely answer.[1]

The final element that must be established is that there exists a meritorious defense to the plaintiffs' cause of action. As previously noted, the plaintiffs' complaint is based both in assumpsit and trespass. In essence, the complaint alleges that defendants did not comply with certain agreements relating to the construction of the plaintiffs' home. Plaintiffs allege they complied, but that defendants, contrary to these agreements, have failed to perform certain required work, and have performed other necessary work in an improper and unworkmanlike manner. Plaintiffs further aver that defendant Gutman made false representations in order to induce plaintiffs to make settlement prior to the completion of the construction of their home. Defendants' answer to the com-

---

1. In fact, the lower court stated that if it had found that the appellants had a meritorious defense, it would probably have resolved this aspect of the case in the appellants' favor.

plaint contends that the defense to this action is that Mr. Gutman was not acting on his own behalf, but rather as a representative of Executive Park Homes, Inc. Briefly, defendants further contend that they have complied with all agreements; that no work was performed in a poor or unworkmanlike manner; and, that defendant Gutman did not fraudulently represent that if plaintiffs made settlement, then any work would be completed or corrected that was not within the scope of the contract.

While we do not wish to understate the necessity of setting forth with sufficient specificity facts to constitute a meritorious defense, the lower court need not try the case on the merits when considering an equitable petition to open a default judgment. *Cherry Steel Corp. v. Ashbourne Country Club*, 227 Pa. Superior Ct. 433 (1974). Our review convinces us that the appellants have set forth an arguable meritorious defense sufficient to justify relief, if proven at trial.

The order of the court below is reversed and the judgment by default opened.

VAN DER VOORT, J., dissents.

HOFFMAN, J., absent.