394 A.2d 1045

**ST. JOE PAPER COMPANY, Appellee,**

v.

**MARC BOX CO., INC., Appellant.**

Superior Court of Pennsylvania.

Submitted June 19, 1978.

Decided Dec. 7, 1978.

516

Stephen B. Lavner, Philadelphia, for appellant.

Kenneth C. Miller, Philadelphia, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from an order denying a petition to open a default judgment.

Appellee, via complaint, initiated this action in assumpsit on July 17, 1977 with service on the appellant effected the next day.   Counsel for appellant, on August 1, 1977, procured an extension of time to file a responsive pleading until September 1, 1977.   However, on September 7, 1977, no pleading having been filed by appellant in response to the complaint, default judgment was entered in favor of the appellee.   On October 6, 1977, appellant filed a petition to open the default judgment, which was answered by appellee on October 26, 1977.   On November 3, 1977, the lower court denied appellant's petition, finding that appellant had not advanced sufficient reason to excuse his failure to file an answer on time.   This appeal followed.

Before the lower court can exercise its discretion and open a default judgment, the petitioner must satisfy three criteria: (1) that the petition to open was promptly filed; (2) that a legitimate explanation exists for the default; and (3) that a defense on the merits exists. *Schutte v. Valley Bargain Center,* 248 Pa.Super. 532, 375 A.2d 368 (1977).

The lower court found that the appellant had not properly explained his failure to answer. Appellant argues that this was an abuse of discretion and we should, therefore, reverse. We disagree.

Initially, we note that the procedure dictated by Pa.R.C.P. § 209 was not followed here.[1] However, since neither party has raised this issue, we decline to consider it, *sua sponte.*

■ The problem facing us is whether the lower court erred in holding that appellant failed to reasonably explain or offer a legitimate excuse for the delay that occasioned the default judgment. In making this determination, we are guided by the principle that the lower court decision will not be overturned on appeal absent an error of law or a clear, manifest abuse of discretion.[2] *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973), *Jenkins v. Murray,* 250 Pa.Super. 519, 378 A.2d 1269 (1977).

Appellant's petition alleges that he mistakenly believed a responsive pleading was to be filed after he contacted counsel and that this failure of communication between his

1. Rule 209 provides:
    If, after the filing and service of the answer, the moving party does not within fifteen days:
    (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or
    (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

2. Our scope of review is distinctly delimited. "It is not enough that we would decide differently were we the court of initial jurisdiction. There must be a demonstration that the trial court applied erroneous legal principles to the factual situation presented, or that the court was biased or prejudiced against the defendant." *Campbell v. Heilman Homes, Inc.,* 233 Pa.Super. 366, 373, 335 A.2d 371, 374 (1975).

counsel and himself was not sufficient to permit the default judgment to stand. The petition also alleges that appellant's attorney left for vacation on August 23, 1977, and returned September 7, 1977, and that counsel did not request another extension of time nor did he make any arrangements to have a pleading filed in his absence. Appellee's answer alleges that the failure to file any pleading was an intentional act and not as a result of any misunderstanding or failure to communicate between appellant and his counsel.

■■■ As this Court stated in *Tice v. Nationwide Life Insurance Co.,* 253 Pa.Super. 118, at 124, 384 A.2d 1257, at 1260 (1978):

"It is true, as claimed by appellant, that relief from a default judgment may be granted where the reason for the default is merely oversight, mistake or neglect of counsel. *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971); *Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970); *Stephens v. Bartholomew,* 422 Pa. 311, 220 A.2d 617 (1966); *Moyer v. Americana Mobile Homes, Inc.,* 244 Pa. Super. 441, 368 A.2d 802 (1976); *Alexander v. Jesray Construction Co.,* 237 Pa.Super. 99, 346 A.2d 566 (1975). "Errors of counsel . . . or clerical errors, which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment." *Johnson v. Yellow Cab Co.,* 226 Pa.Super. 270, 272, 307 A.2d 423, 424 (1973). But see *Smith v. Tonon,* 231 Pa.Super. 539, 331 A.2d 662 (1974); *King v. Fayette Aviation,* 226 Pa.Super. 588, 323 A.2d 286 (1974).

Recent case law, however, has established

"that mere confusion, see, *Triolo v. Philadelphia Coca Cola Bottling Co.,* 440 Pa. 164, 270 A.2d 620 (1970), bald allegations of inadvertence of counsel, *Goldstein v. Graduate Hosp.,* supra [441 Pa. 179, 272 A.2d 472 (1971)]; *Carrozza v. Girard Chevrolet Co.,* 200 Pa.Super. 502, 190 A.2d 577

(1963), mistake or inadvertence of counsel (without more), see, *Westinghouse Credit Corp. v. Wenzel,* 223 Pa.Super. 87, 289 A.2d 759 (1972); *Spilove v. Cross Transp., Inc.,* 223 Pa.Super. 143, 297 A.2d 155 (1972), or demands on the time of counsel, see, *Goldstein v. Graduate Hosp.,* supra; *Walters v. Harleysville Mut. Cas. Co.,* 417 Pa. 438, 207 A.2d 852 (1965); *Seltzer v. Ashton Hall Nursing & Convalescent Home,* 221 Pa.Super. 127, 289 A.2d 207, allocatur refused, 221 Pa.Super. xliii (1972), are not patently reasonable excuses and that *failure* to open based upon these explanations is not an abuse of discretion." *St. Vladimir Ukranian Ortho. Church v. Preferred Risk Mutual Insurance Co.,* 239 Pa.Super. 492, 501–502, 362 A.2d 1052, 1058 (1976) (emphasis in original)."

■ Accepting every averment in appellant's petition as true, they do not establish a reasonable excuse for his failure to answer the complaint on time.

This is not a case of oversight or clerical error. See *Johnson v. Yellow Cab,* 226 Pa.Super. 270, 307 A.2d 423 (1973). Appellant has termed it "a misunderstanding between petitioner and his counsel." It would appear that the failure can be attributed to either appellant's failure to engage an attorney in time (by his failure to supply counsel with retainer fee) or appellant's counsel's failure to obtain another extension prior to leaving on his vacation.

In addition, both counsel and appellant were aware of the first extension granted by appellee, and when they realized their "misunderstanding" would not be cleared up in time, they should have *requested* another extension. See *Tice v. Nationwide Life Ins. Co.,* supra.

We have reviewed the record and conclude that the facts of this case adequately support the ruling of the court below.

SPAETH, J., concurs in the result.

CERCONE, J., files a dissenting opinion.

HOFFMAN, J., did not participate in the consideration or decision of this case.

CERCONE, Judge, dissenting:

I respectfully dissent.

In my estimation refusing to grant a timely petition to open a default judgment when defense counsel promptly notifies plaintiff's counsel of his intention to defend, and only fifty days elapses following service of the complaint, is a questionable exercise of discretion at best. As we stated in *Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. 441, 445, 368 A.2d 802, 804 (1976):

"The purpose of the rules in authorizing the entry of default judgments is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. The rules are not primarily intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation. *Kraynick v. Hertz,* supra [443 Pa. 105, 277 A.2d 144 (1971)]; *Slott v. Triad Distributors, Inc.,* 230 Pa.Super. 545, 327 A.2d 151 (1974)."

Moreover, when the taking of a judgment under the circumstances described above occurs without notifying defense counsel of an intention to do so, I conclude that refusal to open the judgment constitutes a palpable abuse of discretion. See *Ashton v. Ashton,* 257 Pa.Super. 134, 139–140, 390 A.2d 282, 285 (1978); *Moyer v. Americana Mobile Homes, Inc.,* supra; *Williams v. Allegheny Union Plaza, Inc.,* 231 Pa.Super. 170, 332 A.2d 493 (1974); *Highway Equipment Co. v. Hamlin Coal Co.,* 230 Pa.Super. 311, 326 A.2d 570 (1974); *Silverman v. Polis,* 230 Pa.Super. 366, 326 A.2d 452 (1974). The fact that defense counsel in the instant case vacationed for two weeks during the period for filing an answer, and that counsel's failure to answer was partly explained by defendant's confusion concerning the necessity of advancing a retainer fee, only exacerbates the error of the court below.

Therefore, I would reverse the order of the court below, open the judgment and remand for further proceedings consistent with this opinion.