413 A.2d 1104

Albert A. KENNEDY, Sr. and Ann G. Kennedy, trading and doing business as Bennington Company, Appellants,

v.

FRANK L. BLACK, JR., INC., United States Fidelity and Guaranty Co., and Carroll Township Authority.

Superior Court of Pennsylvania.

Argued April 10, 1979.

Filed Nov. 2, 1979.

Herbert Grigsby, Pittsburgh, for appellants.

Joseph P. Moschetta, Pittsburgh, for appellees.

Before PRICE, HESTER and MONTGOMERY, JJ.

PRICE, Judge:

This is an appeal from an order of the court of common pleas granting appellees', Frank L. Black, Jr., Inc. (Black) and United States Fidelity and Guaranty Company (Fideli-

ty), petition to open a default judgment. Carroll Township is not a party to this appeal as no default judgment was entered against it. In accord with the reasons framed below, we affirm.

The salient facts may be briefly stated as follows. A dispute arose between appellants-excavating contractors, and appellee-general contractor, Black, during construction of a sewer system for the Carroll Township Authority. Appellants left the job site on May 12, 1976, and on April 28, 1977, filed a complaint against Carroll Township, Black, and Fidelity, the bonding company for Black.

Counsel entered an appearance for Black and Fidelity and on May 16, 1977, received a phone call from appellants' counsel. Appellees' counsel, due to the complexity of the case, requested and was granted a 30 day extension to file a responsive pleading. In subsequent months, appellants made several requests for action, but the record shows statements were also made to opposing counsel that, "You may have whatever time you need in order to prepare your case." (N.T. 50a). The possibility of settlement was mentioned as early as October 5, 1977, although the record indicates appellees' counsel did not meet with his clients until December 29, 1977. Settlement negotiations continued, and as of March 1, 1978, appellants indicated they believed $14,622.84 to be a reasonable settlement. By letter of April 19, 1978, appellants' counsel withdrew the offer and informed appellees' counsel that he had twenty days to file an answer to the complaint or a default judgment would be entered.

On May 8, 1978, appellees' counsel telephoned appellants' counsel and requested an extension of "ten days or so" in order that the answer then in typed, rough draft form, could be reviewed and finalized. An extension of ten days was granted. On May 23, 1978, two business days after the extension for filing had expired, a default judgment in the amount of $80,141.33 was taken by appellants for appellees' failure to file. Appellees' counsel received notice of the default judgment on May 30, 1978, and on May 31, filed a

petition to open the judgment. Following a hearing, the trial court opened the judgment.

It is a well-settled principle that a petition to open a default judgment is an appeal to the court's equitable powers. Since the matter is one involving judicial discretion, the scope of review is limited and reversal will occur only when it is demonstrated that the action of the court below was clearly an abuse of discretion.[1] *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Ecumenical Enterprises, Inc. v. NADCO Construction, Inc.*, 253 Pa.Super. 386, 385 A.2d 392 (1978). The petition to open should be granted only if three conditions coincide: (1) the petition must have been promptly filed; (2) the default must be reasonably explained; and (3) a meritorious defense must be shown. *Ruczynski v. Jesray Construction Corp.*, 457 Pa. 510, 326 A.2d 326 (1977); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *St. Joe Paper Co. v. Marc Box Co.*, 260 Pa.Super. 515, 394 A.2d 1045 (1978).

The sole issue for our consideration in this appeal is whether the failure to file a responsive pleading was reasonably explained such that the trial court properly exercised its discretion in excusing it. Appellees initially argue that this issue has been waived because of appellants' failure to file exceptions under Pa.R.Civ.P. 1038(d),[2] and thus, they are

1. " 'It is not enough that we would decide differently were we the court of initial jurisdiction. There must be a demonstration that the trial court applied erroneous legal principles to the factual situation presented, or that the court was biased or prejudiced against defendant.' " *St. Joe Paper Co. v. Marc Box Co.*, 260 Pa.Super. 515, 518 n. 2, 394 A.2d 1045, 1047 n. 2 (1978), *quoting Campbell v. Heilman Homes, Inc.*, 233 Pa.Super. 366, 373, 335 A.2d 371, 374 (1975).

2. This rule, which relates to actions in assumpsit tried by a judge sitting without a jury, states in relevant part,
 "(d) Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof . . . . Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters."

precluded from raising the issue now, for the first time, on appeal.[3] We disagree.

The standard practice governing attacks on the grant or refusal to open or strike a judgment has been to appeal directly to the appropriate appellate court. *See, e. g., America Corp. v. Cascerceri,* 255 Pa.Super. 574, 389 A.2d 126 (1978). This conforms with Pa.R.A.P. 311(a), which authorizes an appeal as of right from certain interlocutory orders, including orders to open a judgment, and section (d), which speaks of the orders as being "immediately appealable."

■ The critical distinction to be drawn is between petition proceedings, generally, and conventional cases tried by a jury or the court. Rule 1038 is applicable only to the latter, while the proceedings to open a default judgment are governed by the rules of the former. 7 Standard Pennsylvania Practice § 105. A hearing on a petition is not to be equated with a trial by the court sitting without a jury. Therefore, exceptions to the decision to open the judgment would not have been proper,[4] and we will consider the issue on the merits.

■ To present an adequate justification for the default, appellees must explain not only the failure to answer after the final extension was received, but the entire delay between the service of the initial pleading and the entering of the default judgment. *America Corp. v. Cascerceri, supra ; Tice v. Nationwide Life Insurance Co.,* 253 Pa.Super. 118, 384 A.2d 1257 (1978). Appellants argue that the trial court erred both in ignoring the year prior to the April 19, 1978

---

**3.** *See* Pa.R.A.P. 302(a): "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."

**4.** Appellees, apparently anticipating an adverse decision on this point, contend in the alternative that a proceeding to open the default judgment is correctly characterized as an action in equity and therefore, Pa.R.Civ.P. 1518, which requires that exceptions to an adjudication be filed to preserve the issues, should be applicable. We note that a petition to open a judgment, although *in the nature of* a bill in equity, *Johnson v. Nippert,* 286 Pa. 175, 133 A. 150 (1926), is part of the common-law jurisdiction of the courts. 7 Standard Pennsylvania Practice § 34.

letter threatening a default judgment, and in reaching the conclusion, unsupported by the record, that these months were taken up by negotiations. We disagree. The trial court apparently did consider this period, but found it adequately explained on the record by attempts at settlement, and therefore, focused on the delay following April 19. Preparation of the case by appellees' attorney did move slowly, but the record supports the conclusion that appellants' counsel several times had offered him all the time he needed to prepare and file an answer. On October 5, 1977, appellants' counsel first indicated a desire to settle, and appellees' counsel expressed his willingness to discuss it. By January 6, 1978, the first offer was made and later detailed by letter dated February 17, 1978. On March 1, 1978, appellants responded with a counteroffer. Thus, although counsel for appellees did not meet with his clients for the first time until late December of 1977, there was sufficient evidence from which the trial court could find the existence of ongoing negotiations. As the weight of the evidence and its credibility is for the trial judge to decide, we will not disturb his findings.

The Supreme Court of Pennsylvania has found no abuse of discretion in opening a default judgment on the grounds that counsel's failure to properly defend was due to the belief that no action was necessary during pending negotiations between counsel. *Smith v. Dale*, 405 Pa. 293, 175 A.2d 78 (1961). In *McEvilly v. Tucci*, 239 Pa.Super. 474, 362 A.2d 259 (1976), this court also examined the reasonableness of a delay in filing due to negotiations. There, a letter was sent stating defendants' assumption that they were not required to file responsive pleadings during pending negotiations. Plaintiffs denied that the letter had been received and that negotiations were pending. This court held that the letter was insufficient because no response to it had been received, and therefore, defendants could not assume a default judgment would not be entered during settlement negotiations. The facts of the instant case differ significantly in that by letter dated February 8, 1978, appellants expressed complete

willingness to accept a letter outlining the counterclaim, rather than a formal pleading, to help expedite settlement. This was express assurance that filing was not necessary pending negotiations.

Appellees' counsel alleged as his excuse for the failure to file after the final extension of time granted on May 8, 1978, confusion as to the length of that extension; his belief being that he had been granted "ten days or so" as requested and not strictly ten days, which was what the trial court found was actually extended.

 This court has maintained in the past that,
" 'mere confusion, . . . bald allegations of inadvertence of counsel, . . . mistake or inadvertence of counsel (without more), . . . or demands on the time of counsel . . . are not patently reasonable excuses and that *failure* to open based upon these explanations is not an abuse of discretion.' " *St. Joe Paper Co. v. Marc Box Co., supra,* 260 Pa.Super. at 519–520, 394 A.2d at 1047–48 (citations omitted); *Tice v. Nationwide Life Insurance Co., supra,* 253 Pa.Super. at 125, 384 A.2d at 1260 (emphasis in originals).

Nevertheless, it is not improper to grant relief when the reason for the default is merely oversight, mistake or neglect of counsel. *Balk v. Ford Motor Co., supra; St. Joe Paper Co. v. Marc Box Co., supra ; Tice v. Nationwide Life Insurance Co., supra.* " 'Errors of counsel . . . which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment.' " *Tice v. Nationwide Life Insurance Co., supra,* 253 Pa.Super. at 124, 384 A.2d at 1260, *quoting Johnson v. Yellow Cab Co.,* 226 Pa.Super. 270, 272, 307 A.2d 423, 424 (1973). *See Campbell v. Heilman Homes, Inc.,* 233 Pa.Super. 366, 370, 335 A.2d 371, 374 (1975).

 In the instant case there is more than a bald allegation of confusion; there is a reasonable explanation of the misunderstanding that arose between counsel. In *Alexander v. Jesray Construction Co.,* 237 Pa.Super. 99, 346 A.2d

566 (1975), this court held that in the interests of justice a dispute of this type should not result in the termination of the right to defend. In that case, defendant's attorney claimed that opposing counsel consented to a delay in filing until July 12. Plaintiff's attorney denied any grant of extension was made and claimed counsel for defendant told him the filing would be made on July 1. Hence, a default was taken against defendants' counsel on July 12, although he filed later that same day. An abuse of discretion was found in the lower court's refusal to open because the failure to file had been reasonably explained by defense counsel's impression that the answer was not due until July 12.

Furthermore, this case does not reveal a planned tactical decision not to file an answer. Appellees' conduct demonstrates that they had every intention of making an affirmative defense. The record indicates that the answer was in typed, rough draft form at the time the default judgment was taken and that no changes were subsequently made. (N.T. 116a). Appellees had no expectation of a blanket extension and took the deadline, as they understood it, seriously, working diligently to meet it. We conclude that the trial court's holding that the delay in filing was reasonably explained was not erroneous.

■ Once it is determined that the three criteria for opening a judgment have been met,

> " 'we must ascertain whether there are present any equitable considerations in the factual posture of the case which require that we grant to a defendant against whom the judgment has been entered an opportunity to have his 'day in court' and to have the cause decided upon the merits. In so doing, we act as a court of conscience.' " *Ecumenical Enterprises, Inc. v. NADCO Construction Inc., supra,* 253 Pa.Super. at 394, 385 A.2d at 396, *quoting, Kraynick v. Hertz, supra,* 443 Pa. at 111, 277 A.2d at 147.

In this case the equities are favorable to appellees.

■ First, "we treat the giving of notice, or the failure to do so, as an important factor in determining whether a

default judgment should be opened." *Ruggiero v. Phillips*, 250 Pa.Super. 349, 354, 378 A.2d 971, 974 (1977). The trial court noted appellants' failure to give notice substantially contemporaneous to the taking of the default on May 23, 1978. There is evidence within the record of a local custom of telephoning the opposing counsel immediately prior to taking judgment. (N.T. 106a). Although notice is not technically required by the rules of procedure, this court has recognized that when a local custom of giving notice exists, attorneys should out of courtesy respond in accord with it, especially when there have been prior dealings between them. *Highway Equipment Co. v. Hamlin Coal Co.*, 230 Pa.Super. 311, 326 A.2d 570 (1974). *Cf. Good v. Sworob*, 420 Pa. 435, 218 A.2d 240 (1966); *King v. Fayette Aviation*, 226 Pa.Super. 588, 591, 323 A.2d 286, 288 (1974) (Jacobs, J., dissenting).

In *Highway Equipment*, counsel had flatly been told that no extension would be granted, but he testified to the effect that he still did not feel a default judgment would be entered without notice. This court found no abuse of discretion in the trial court's acceptance of this explanation. Instantly, a pattern of numerous extensions and a misunderstanding as to the length of the extension changes the complexion of the facts, minimizing the effect of the April 19 letter threatening default.

▮▮ Our supreme court has cautioned that a plaintiff will not lose his rights simply because he tolerated a lengthy delay by defense counsel and that a belief that the threat of entry of a default judgment was not given seriously is an invalid excuse to justify opening a default judgment. *Triolo v. Philadelphia Coca Cola Bottling Co.*, 440 Pa. 164, 270 A.2d 620 (1970). In *Triolo*, however, the default was entered when appellee failed to respond to a *court order* demanding that he file answers to interrogatories and authorizing appellants to enter a judgment in the event of a failure to comply. Knowing of this order, appellee in that case could not complain he did not think appellant was serious in his desire to enforce his rights. Under the present facts showing diligence in meeting the last deadline, coupled with lack

of immediate notice, we conclude equity favors opening the judgment.

The second equitable consideration entering this decision is that appellants offered to settle their claim against appellees for only $14,000.00 one month prior to taking the default judgment for $80,000.00. Appellants' counsel admitted that due to appellees' action subsequent to filing the complaint, the amount owed was no longer $80,000.00 as had been prayed for in the complaint.

Finally, because of the prompt filing of the petition to open judgment, appellants were not prejudiced by the grant of the petition to open the judgment.

We find that the trial court acted within the scope of its discretion and affirm its order opening the default judgment.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting:

My review of the record discloses the following facts: Appellants filed a complaint against appellees on April 28, 1977. An appearance was entered by counsel for appellees Black and United States Fidelity and Guaranty Company.

On May 16, 1977, appellants' counsel telephoned appellees' counsel and requested a 30 day extension in order to file an answer. The extension was granted. Numerous letters and phone calls followed in which appellants' counsel requested action on the part of appellees. The record indicates appellees' counsel did not meet with his clients until December 29, 1977. Settlement negotiations took place subsequent to that time. Appellants' counsel courteously and generously granted numerous extensions to appellees' counsel until he sent a letter dated April 19, 1978, giving appellees' counsel 20 days to file a responsive pleading or a default judgment would be taken since all settlement attempts had failed.

On May 8, 1978, counsel for appellees requested a further extension of ten days which was granted by appellants. On May 23, 1977, a default judgment was entered by appellants for failure of appellees to file a responsive pleading. A

petition to open the judgment was filed on May 31, 1978. Following a hearing, the court opened the judgment.

The decision to open a default judgment is within the discretion of the court below. Our Court will not reverse unless there has been an abuse of discretion. *America Corp. v. Cascerceri*, 255 Pa.Super. 574, 389 A.2d 126 (1978); *Slott v. Triad Distribs, Inc.*, 230 Pa.Super. 545, 327 A.2d 151 (1974).

In the instant appeal, I need only address the issue as to whether the appellees satisfactorily explained their failure to file a responsive pleading. Appellee argues that he was under the impression appellants would never take a default judgment. The record does not support this contention. Furthermore, we have held that a defendant, absent express assurances to the contrary, may not assume that a default judgment will not be entered during settlement negotiations. *McEvilly v. Tucci*, 239 Pa.Super. 474, 362 A.2d 259 (1976). The lower court held, in its finding of fact, that settlement negotiations were in process during twelve of the thirteen months delay. Since appellees' counsel did not interview his client until late December of 1977, the record does not support this conclusion. Rather, the record indicates appellees' counsel failed to file a responsive pleading for thirteen months although he was granted numerous extensions in order to do so. We have held that notice to opposing counsel of the intent to take a default judgment is an important consideration. *Ruggiero v. Phillips*, 250 Pa.Super. 349, 378 A.2d 971 (1977). The letter of April 19, 1978, clearly indicated appellants' intentions. Appellees further contend that their counsel requested an extension of "10 days or so", rather than ten days. However, the findings of fact of the lower court and the record indicate that only a ten day extension was granted.

Appellees argue that their counsel's misunderstanding as to the length of the extension granted is an adequate explanation for the failure to file a responsive pleading.

The record in the instant matter discloses numerous occasions where appellants' counsel requested a responsive pleading and/or action on the part of appellees' counsel. In view of the clear and concise letter of April 19, 1978, and the prior

thirteen month delay. I fail to see how appellees' counsel could misunderstand, or expect a blanket further extension of time. The letter and the prior correspondence of the parties indicates appellants' desire to proceed in a diligent fashion on April 19, 1978 was entirely reasonable. Rather than supporting appellees' contention that the failure to file the responsive pleading was due to a misunderstanding or mistake of counsel, the record supports the conclusion that appellees' counsel flagrantly abused the numerous extensions courteously granted by opposing counsel. Furthermore, we have held that the entire delay has to be satisfactorily explained, not simply the failure to answer within the ten day limitation. *Tice v. Nationwide Life Insurance Company*, 253 Pa.Super. 118, 384 A.2d 1257 (1978). Since the lower court failed to consider the delay in its entirety, choosing instead to emphasize only the time after the April 19, 1978 letter and reached conclusions unsupported by the record, I disagree with the majority and would hold that the opening of the judgment was an abuse of discretion. While recognizing that appellants had agreed to accept considerably less than the amount of the judgment, since appellees claim to have a valid counterclaim, my position would not preclude them from pursuing that claim in a separate action.

Accordingly, I would reverse the order of the lower court and reinstate appellants' judgment.